HAMILTON *v.* MACEY CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—NOTICE— DEPOSITIONS—RULES OF INDUSTRIAL ACCIDENT BOARD.

In proceedings under the workmen's compensation act for compensation for injuries, where claimant's attorneys served on the attorney for respondent notice of the intention to take depositions on the following day at a certain hour and place in the city where respondent's attorney resided, but without giving in the notice the name of the

witness or witnesses whose depositions were to be taken, or the name of the official before whom they were to be taken, and respondent did not appear at the time set, and, upon subsequent notice from the secretary of the industrial accident board of the filing of the depositions in his office, respondent's attorney filed with said board objection to consideration of the depositions ' because of insufficient notice, it was *held*, in view of part 3, § 3, Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5456), relating to the making of rules not inconsistent with that act for carrying out the provisions of the act by the board, and rule 6, Bulletin No. 3, of the board, providing for the taking of additional testimony, when necessary, by depositions, under the provisions of the general statutes, and Act No. 314, chap. 17, § 6, Public Acts 1915 (3 Comp. Laws 1915, § 12494), requiring that reasonable notice of the taking of depositions *de bene esse* in any civil case shall be given, indicating the name of the witness or witnesses and the time and place of taking the deposition and the name of the official before whom the same will be taken, the board should be bound by its rules, and the award, on the notice given, set aside and the case remanded.[1]

Certiorari to Industrial Accident Board. Submitted January 11, 1917. (Docket No. 98.) Decided April 9, 1917.

Harry Hamilton presented his claim for compensation against the Macey Company for injuries received in defendant's employ. From an order awarding compensation defendant and the Furniture Insurance Company, insurer, bring certiorari. Reversed.

*Francis D. Campau,* for appellants.

*Nichols & Shaw,* for appellee.

BROOKE, J. Certiorari to the industrial accident board. Attorneys for claimant on June 20, 1916, gave the following notice to the attorney for the respondent.

[1]As to workmen's compensation acts generally, see extensive note in L. R. A. 1916A, 23.

"State of Michigan—Industrial Accident Board.
"Harry Hamilton, Claimant, *v.* Macey Co., Furniture
        Mutual Insurance Co., Respondents.
"To FRANCIS D. CAMPAU,
    "615 Michigan Trust Bldg.
    "*Sir:* You will please take notice that we will take
depositions in the above-entitled cause at 419 House-
man Bldg., Grand Rapids, Michigan, at 2:00 in the
afternoon of June 22, 1916.
                            "NICHOLS & SHAW,
                            "Attorneys for Claimant.
    "Dated June 20, 1916."

This notice was received by the attorney for the
respondent on June 21, 1916. Respondent did not ap-
pear at the time and place indicated in the notice, nor
participate in the examination. On June 29, 1916, the
respondent received the following notice from the in-
dustrial accident board:

"State of Michigan—Industrial Accident Board.
                "LANSING, MICH., June 28, 1916.
        "In re H. Hamilton *v.* Macey Co.
    "The depositions of the witnesses named below have
been filed in this office of the industrial accident
board. This information is sent to you by the order
of the board so that you will have timely notice of
the depositions referred to.
                [Signed] "G. W. DICKSON,
                            "Secretary, R. M.
"Names of witnesses:
    "HARRY HAMILTON,
    "DR. A. M. LEACH,
    "DR. WM. F. BIRSE."

On July 3, 1916, the attorney for the respondent
wrote the industrial accident board that he would ob-
ject to the consideration of the depositions in question
because of insufficient notice, and on July 10th filed
with the board formal objections to their consideration
as follows:

"1. The notice served upon the deponent of the tak-
ing of the said depositions was unreasonably short to

enable the deponent to be present at the taking of the said depositions.

"2. The notice of the taking of the said depositions did not contain the name of the notary public, or other officer before whom the depositions were taken.

"3. The notice did not contain the name of any witness, or witnesses whose depositions were to be taken.

"Yours, etc.,
[Signed]    "FRANCIS D. CAMPAU,
"Attorney for Respondents.
"Dated July 10, 1916."

The board, disregarding the objections of respondent's attorney, made an award in favor of the claimant. Part 3, § 3, Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5456), provides:

"The board may make rules not inconsistent with this act for carrying out the provisions of this act."

Under the authority of the statute the industrial accident board adopted certain rules which it caused to be issued as Bulletin No. 3. The following is a part of rule 6, there published:

"Where cases are taken before the full board for review, additional testimony may be taken, when necessary, by depositions under the provisions of the general statutes of the State."

Act No. 314, chap. 17, § 6, Public Acts 1915 (3 Comp. Laws 1915, § 12494), which treats of depositions *de bene esse* in any civil matter or cause, provides:

"Reasonable notice must first be given in writing by the party, or his attorney, proposing to take such deposition, to the opposite party or his attorney of record, which notice shall state the name of the witness or witnesses and the time and place of taking his deposition, and the name of the official before whom the same will be taken."

While in proceedings of this nature we recognize the

propriety of ignoring so far as is reasonably possible technicalities, to the end that early adjudication may be had, we are still of opinion that the board in its consideration of evidence should be bound by rules promulgated under its own authority.

The award will be vacated and set aside, and the case remanded to the industrial accident board for further action in accordance with its rules and practices.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.