## SHAFFER *v.* D'ARCY SPRING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—AGREEMENTS FOR SETTLEMENT OF CLAIM—APPROVAL OF BOARD.

   A final settlement between claimant and insurer under the workmen's compensation act does not preclude the industrial accident board from reopening the case and making an award of further compensation unless the agreement is not only filed with, but also approved by, such board.

2. SAME—POWERS OF INDUSTRIAL ACCIDENT BOARD.

   The denial by the industrial accident board of claimant's application for a review of the order on which a final settlement was made by claimant with insurer, which settlement was filed with the board, will not, of itself, constitute an approval of such settlement which will preclude the board from subsequently reopening the cause, in the absence of record evidence that it was so intended.

3. SAME—DENIAL OF APPLICATION FOR REVIEW—RES JUDICATA.

   Under section 14, part 3, of the workmen's compensation

act (Act No. 10, Extra Session 1912, 2 Comp. Laws 1915, § 5467), providing that "any weekly payment under this act may be reviewed by the industrial accident board at the request of," etc., the denial of a claimant's application for a review of the board's order for weekly payments is not *res judicata* of a subsequent application.

4. SAME—WORKMEN'S COMPENSATION ACT—EVIDENCE—ADMISSIBILITY.

On the reopening of a hearing on a claim for damages, it is ·prejudicial error to admit in evidence on the merits depositions which, after they were taken under an irregular notice and in the absence of the defendants, it was stated to defendants would be used only in procuring a reopening of the case.

5. SAME.

Part 3, § 14, of the act must be read in connection with the previous section, and thus read the industrial accident board may, on reviewing its former order for weekly payments, provide that its order then made shall close the case, even though plaintiff will not have received the maximum amount allowed by the act.[1]

Certiorari to Industrial Accident Board. Submitted June 25, 1917. (Docket No. 100.) Decided December 28, 1917. Rehearing denied June 20, 1918.

Isaac Freeman Shaffer presented his claim for compensation against the D'Arcy Spring Company for injuries received in defendant's employ. From an order awarding compensation on petition to reopen the case, and making such order final, plaintiff and defendant, and the Prudential Casualty Company, insurer, bring certiorari. Reversed, and remanded.

*Charles L. Dibble* (*C. Hubbard Kleinstuck*, of counsel), for plaintiff.

*Campbell, Bulkley & Ledyard* and *Jackson & Fitzgerald* (*Wilson W. Mills*, of counsel), for defendants.

[1]On construction and effect of workmen's compensation act, generally, see notes in L. R. A. 1916A, 23, L. R. A. 1917D, 80.

BIRD, J. Plaintiff, while at work for the D'Arcy Spring Company, received an injury to his left leg for which he claimed compensation. His application was duly filed with the industrial accident board and he was awarded, by a committee of arbitration, $6 a week from the date of the injury to December 9, 1914, the date of the award, and also a medical bill for $4.50. Neither party appealed from this award, and it was soon thereafter paid to plaintiff by the defendant casualty company, at which time the following receipt was signed by the plaintiff:

"This receipt means a final settlement. Do not sign it unless you intend to end payments of compensation and close the case.

"Received of Prudential Casualty Company of Indianapolis, Ind., the sum of one hundred thirty-eight dollars and no cents, making in all, with weekly payments already received by me, the total sum of one hundred thirty-eight dollars and no cents, in settlement of compensation under the Michigan workmen's compensation law, on account of injuries suffered by myself on or about the 15th day of June, 1914, while in the employ of the D'Arcy Spring Company of Kalamazoo, Michigan, subject to review and approval by the industrial accident board."

Later, in April, 1915, plaintiff petitioned the board to review the former order for weekly payments, and to increase and extend the same on account of his failure to recover from his injuries. In June, 1915, this application was denied. In April, 1916, a year later, plaintiff filed the present petition setting forth his physical condition and praying for substantially the same relief as in the former one. Considerable testimony was taken by both parties and presented to the board upon this application. After due consideration the order was granted and the case set down for a rehearing. Following this both parties took depositions bearing on plaintiff's physical condition. A hearing was had and the following order made:

"It is ordered and adjudged that said applicant is entitled to receive and recover from respondents compensation at the rate of six ($6.00) dollars per week from the date of the last payment to November 22, 1916, making a total now due of six hundred and twenty-four ($624.00) dollars; this to close the case."

This order appears not to have pleased either party, as both applied for and received a writ of certiorari from this court to review the same. The defendants question the validity of the proceedings and order on the grounds that:

"(a) The board had no authority under the law to hear and reopen said cause.

"(b) Because the board had no authority under the law to hear the last petition for review, for the reason that in February, 1915, a receipt in full was made between the parties hereto, which said receipt was approved by action of the industrial board, which thereupon became final and binding upon the parties by section 5, pt. 3, of the workmen's compensation act (Act No. 10, Extra Session 1912 [2 Comp. Laws 1915, § 5458]).

"(c) Because the case was *res judicata* for the reason that on July 8, 1915, the board had passed upon the petition to reopen and review, filed by claimant, and had denied the same.

"(d) Because the final judgment is contrary to law."

The claimant excepts thereto for the following reasons:

"(a) Because the board had no right to cut off or foreclose the claimant from receiving further compensation in the future.

"(b) Because there was no evidence to sustain the final judgment of the board in this, that all the evidence showed that claimant's condition was no better at the time the award was entered than it had been at any time in the past since the date of the injury.

"(c) Because the evidence was undisputed that the claimant was permanently and totally disabled."

(*b*) It does not appear what consideration passed to plaintiff for the settlement receipt. The amount named in the receipt was the precise amount allowed by the arbitration committee. But assuming that there was some consideration not stated in the record, we are of the opinion that the receipt did not have the effect of divesting the board of jurisdiction to make further orders in the premises. The provisions of the act in respect to such agreements is that it "shall be filed with the industrial accident board, and, if approved by it, shall be deemed final and binding upon the parties thereto."

Two things appear to be necessary to make the agreement final. It must be filed and must also be approved by the board. The agreement in question was filed but never approved. Obviously from the language of the act the legislature intended the board should exercise some discretion in the premises before permitting the agreement of the parties to become final. It does not appear that the board ever acted upon it or that it was ever requested to approve it. Until this is done the agreement is not final. *Foley* v. *Railway*, 190 Mich. 507 (157 N. W. 45); *Dettloff* v. *Hammond, Standish & Co.*, 195 Mich. 117 (161 N. W. 949).

But it is argued that the receipt was on file at the time the board rejected plaintiff's first application to review the award, and the board's denial thereof was in effect an approval of the order. We do not agree with this conclusion. The order itself does not disclose that it was based upon the agreement, or that the agreement was called to its attention or considered. Approval of the agreement by the board required affirmative action upon its part, the proof of which should be found in its official records rather than in inference.

(*c*) Because the board refused to reopen the case

in June, 1915, it is said that order is *res judicata* of the present application. The compensation act (part 3, § 14 [2 Comp. Laws 1915, § 5467]) provides that "any weekly payment under this act may be reviewed by the industrial accident board at the request of," etc. There appears to be no restriction on the power given to the board to review its former orders for weekly payments, and we think it was contemplated that it should have this power. The physical condition of a claimant might be such at one time that the application should be denied, whereas at a later time his condition might demand a review.

After the first application was denied, and before the second one was filed, plaintiff gave defendants notice to take depositions in Kalamazoo on a day certain, but omitted the hour at which they were to be taken. The depositions were taken, but defendants were not present. Subsequently plaintiff's counsel wrote to defendants' counsel that:

"It is not intended that these depositions shall present my case on the merits, but simply go to the question of whether I am entitled to an order reopening the case. If it is reopened I will then take other depositions to be used in the argument on the merits."

When plaintiff's application was heard on its merits the depositions were received in evidence against defendants' objection. The notice was clearly irregular under our recent holding in *Hamilton* v. *Macey Co.*, 195 Mich. 747 (162 N. W. 289), and the letter clearly misled them into the belief that the depositions so taken would not be used upon the hearing upon the merits. We cannot say that this was not prejudicial to defendants' case and therefore must hold it error.

Plaintiff assigns error on that part of the order which provides that "this shall close the case." The substance of the argument is that the board has no

power to decree that claimant shall receive no further compensation if his injuries continue, and he has not already received the maximum amount allowed by the act. It is quite possible that this construction of the act might be the proper one, were it not for the section which authorizes the board on a review of the weekly payments to "end it." Part 3, § 14, compensation act, heretofore quoted. This is the section which authorizes the present proceeding, and it expressly gives the board the power to "end it." This section must be read in connection with the previous section upon which plaintiff bases his argument. When so read it is evident that the board had the power to do just what it did do.

For the error indicated the proceeding must be vacated and the case remanded for further action in accordance with the rules and practice of the board.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.