SHAFFER *v.* D'ARCY SPRING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—REVIEW BY BOARD—RES JUDICATA.

Where orders of the industrial accident board for compensation to an injured employee were considered in a former decision of this court (199 Mich. 537) to be for weekly payments and therefore subject to review by the board under section 14, part 3 of the workmen's compensation act, defendants' contention to the contrary, *held*, decided adversely to defendants by the previous decision.

2. SAME—FINDING BY BOARD—VARICOSE VEINS.

A finding by the industrial accident board that varicose veins from which claimant was suffering grew out of the injury alleged while in defendant's employ, *held*, supported by the evidence.

3. SAME—REVIEW.

The Supreme Court will not review a question of fact found by the industrial accident board, unless there is no evidence upon which to base such finding; the weight of the evidence being for the board.

Certiorari to Industrial Accident Board. Submitted June 11, 1919. (Docket No. 7.) Decided July 17, 1919.

Isaac Freeman Shaffer presented his claim for compensation against the D'Arcy Spring Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the Prudential Casualty Company and the Chicago Bonding & Insurance Company, insurers, bring certiorari. Affirmed.

*Jackson, Fitzgerald & Dalm* and *Fred J. Ward,* for appellants.

*Charles L. Dibble,* for appellee.

KUHN, J. The facts which are necessary to understand this proceeding, which is certiorari to the industrial accident board, can be had by reading the opinion of this court reported in 199 Mich. 537. By that opinion it was held that, because of the fact that with reference to certain depositions that were offered in evidence it was found that the notice was clearly irregular under the recent holding of this court in *Hamilton* v. *Macey Co.*, 195 Mich. 747, the proceeding must be vacated "and the case remanded for further action in accordance with the rules and practice of the board." Subsequently a motion for rehearing was filed, which was denied, and the case being then before the industrial accident board, a new petition was filed, bearing date January 31, 1918, with the intention, and upon the theory, of reinstating the proceedings before the board in the same manner as the petition of April 8, 1916, which appears from the petition itself, and the petition was so regarded by the board. After filing the petition of January 31, 1918, the parties proceeded again to present evidence to the board. It was stipulated through the respective attorneys that the testimony of all the witnesses who had previously made depositions upon the first hearing of this case, in order to avoid expense, might be used upon the new hearing. Both parties also took voluminous additional testimony by deposition, which was submitted. The industrial accident board, after consideration of the evidence, on September 12, 1918, entered an order for the payment of $6 a week compensation from the date of the last payment made to the claimant in this cause up to the time of that order and for the same amount for the future so long as he seemed to be totally disabled. It is this order which is now before us for review.

The claims of the respondents for a reversal of the

action of the industrial accident board are stated in their brief as follows:

"*First:* Because the claimant and respondents submitted claimant's claim to a committee on arbitration, which committee met on the 9th day of December, 1914, and awarded claimant the sum of $138.00 and a physician's bill in amount of $4.50, all of which has been paid, and that neither the claimant nor the respondents appealed from said order, in accordance with the provisions of section 8, part 3, Act No. 10 of the Public Acts of 1912, and in consequence thereof the decision of said committee on arbitration became *res adjudicata* of the rights of said claimant for compensation for the injury alleged to have been suffered by him while in the employ of the D'Arcy Spring Company on the 15th day of June, 1914.

"*Second:* No order has ever been made or entered extending the time within which the claimant might appeal from the award of the committee on arbitration.

"*Third:* No determination has been made by the board or showing made by the claimant which would entitle claimant to an extension of time within which to review the action of the committee on arbitration.

"*Fourth:* No appeal was ever taken by the claimant or respondents from the order dismissing claimant's petition filed on or shortly after the 9th day of April, 1915, and which petition is known as Exhibit D, and appears in the record on pages 53 to 55.

"*Fifth:* The evidence does not show that varicose veins, being the only disability under which claimant suffers at the present time, and for which he now seeks compensation, grew out of the alleged injury on June 15, 1914; that such disease known as varicose veins existed previous to June 15, 1914, and that the claimant has entirely recovered from any effects resulting from the alleged injury suffered by him while in the employ of the D'Arcy Spring Company."

With reference to the first four assignments of error above set forth, it seems that the contentions of counsel for defendants and appellants are based upon the claim that the award on arbitration of December

9, 1914, was an award for a lump sum payment instead of for weekly compensation. The award reads in part as follows:

"Isaac Freeman Shaffer is entitled to receive and recover from said respondents the sum of six dollars per week for a period of twenty-three weeks from the 2d day of July, 1914, and that said applicant is entitled to receive and recover from said respondents on this date one hundred thirty-eight dollars, being the amount of such compensation that has already become due under the provisions of law, being all of said compensation, the same being now due, also for medical bill the sum of $4.50."

The order of the board of November 23, 1916, which was referred to in the previous opinion of this court, reads as follows:

"It is ordered and adjudged that said applicant is entitled to receive and recover from respondents compensation at the rate of six ($6.00) dollars per week from the date of the last payment to November 22, 1916, making a total now due of six hundred and twenty-four ($624.00) dollars, this to close the case."

The latter order was clearly considered by this court as an order for weekly payments, because in considering the claims of counsel Mr. Justice BIRD, in writing the opinion, says:

"Because the board refused to reopen the case in June, 1915, it is said that order is res judicata of the present application. The compensation act (part 3, § 14 [2 Comp. Laws 1915, § 5467]) provides that 'any weekly payment under this act may be reviewed by the industrial accident board at the request of,' etc. There appears to be no restriction on the power given to the board to review its former orders for weekly payments, and we think it was contemplated that it should have this power."

In our opinion this determined that the order of November 23, 1916, was an order for weekly payments, and it necessarily follows under this holding that the

award of December 9, 1914, must be also considered as an award for weekly payments, thus bringing it clearly under the previous decision of this court and making section 14, part 3, of the compensation law applicable. It follows, therefore, that the contentions now urged by counsel must be considered as having been ruled upon adversely to the contention of the respondents by our previous decision.

By the fifth assignment of error it is urged that the claimant's present condition is not the result of the injury of June 15, 1914. It is the claim of counsel for claimant that while this question was not pressed by the respondents upon the previous appeal, it is very obvious that if the condition of the claimant had not been due to the injury which is the basis for his compensation, then this court should have, and would have, entered an order dismissing the entire proceeding. However that may be, a careful reading of the record satisfies us that there was sufficient evidence to sustain the finding of the board upon this question. We have often held that this court will not review a question of fact found by the board, unless there is no evidence upon which to base such finding. With reference to this contention, it is only necessary to quote the following testimony of Dr. Cook:

"*Q.* Now, you said a moment ago, in answer to Mr. Dibble's question, that this varicose condition which you found there might have resulted from an injury?

"*A.* Yes.

"*Q.* Would you say that it was reasonably certain that it did?

"*A.* My belief is that it resulted from an injury.

"*Q.* That is not just the question. In your opinion, is it possible to say with reasonable certainty that it did?

"*A.* In view of the history of this particular case, I would say it is reasonably certain that the ulceration was produced by injury."

This evidence was rebutted by the opinion evidence of other experts summoned by respondents. We will not weigh the evidence, which is the sole province of the industrial accident board.

Finding no error in the proceedings, it follows that the award made by the board must be affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.