COATTA v. ANTRIM IRON CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—BURDEN OF PROOF.

Under workmen's compensation act, plaintiff has burden of establishing claim that husband's death arose out of and in course of his employment by defendant.

2. SAME—DETERMINATION OF CONTROVERTED FACT BY DEPARTMENT
FINAL.

In cases arising under workmen's compensation act presenting
conflict of testimony, determination of issues of fact by de-
partment of labor and industry will not be reviewed by
Supreme Court.

3. SAME—DEPARTMENT MAY ADOPT REASONABLE RULES.

Although under 2 Comp. Laws 1915, § 5456, department of labor
and industry may adopt rules of procedure which will enable
it to effectively carry out purposes of workmen's compensa-
tion act, such rules must be reasonable and not contain ar-
bitrary provisions which will prevent party from presenting
competent and material proof.

4. SAME—RULE PREVENTING PARTY FROM PRESENTING COMPETENT
PROOF IS TOO BROAD.

Rule No. 24, adopted by department of labor and industry
under authority of workmen's compensation act, providing
that, where post-mortem examination is had, both parties shall
be notified, and, if rule is not complied with, testimony given
at such examination will not be considered by department, is
too broad, since party having no opportunity to give opposite
party notice of inquest to be held by coroner might thereby
be barred from presenting competent proof of relevant facts
developed at such inquest.

5. SAME—EVIDENCE—SUFFICIENCY.

Although testimony of two physicians, offered on behalf of
plaintiff, was improperly excluded, order denying compensa-
tion is affirmed, on review, where evidence, including rejected
testimony, was insufficient to establish claim.

Certiorari to Department of Labor and Industry.
Submitted April 25, 1930. (Docket No. 160, Cal-
endar No. 34,383.) Decided October 3, 1930.

Effie Coatta presented her claim against the An-
trim Iron Company, a Michigan corporation, for the
accidental death of her husband while in defendant's
employ. Plaintiff reviews an order denying an
award by certiorari. Affirmed.

*H. E. Wellman*, for plaintiff.

*Clink & Williams*, for defendant.

NORTH, J.    Plaintiff, as the widow of George B. Coatta and his sole dependent, seeks compensation from the defendant company, of which deceased was an employee.  On review by the department of labor and industry, plaintiff's claim was disallowed, and she is reviewing by certiorari.  The material facts charged are stated in the opinion filed by the department as follows:

"The decedent, George B. Coatta, suffered an accidental injury arising out of and in the course of his employment with the defendant, Antrim Iron Company, of Mancelona, on July 9, 1928.  He was employed as a boss in the defendant's lumber yard. In the piling of lumber certain boards are arranged in such a manner as to form steps for ascending and descending the lumber piles.  While stepping on one of these boards it gave way, and the decedent fell a distance of eight feet, dislocating his right shoulder. The accident happened about 3:30 in the afternoon of July 9, 1928.  He was taken in an automobile to his home, about a mile from his work.  In the evening he came down to the village and went to see Dr. R. H. Wessels.  Dr. Wessels has been his physician who had treated him for an ulcer of the stomach.  It was found that his shoulder was dislocated. He was given an anesthetic and the dislocation reduced.  After he came out from the influence of the anesthetic, he made the statement that he felt good and said he would not go home right away.  The doctor offered to take him home.  He stayed down town and attended a school meeting; made remarks to his friends that he had fallen, dislocating his shoulder, but he felt good.  He went home and next morning about 5 o'clock he was taken ill.  Dr. Wessels was called.  He was suffering a great deal

of pain and it was said he expressed himself as having pain in his stomach. The doctor administered a hypodermic treatment to relieve the pain. He kept getting worse, and died on the morning of July 12, 1928.

"On the evening of July 12th, George Leslie Coatta, son of the deceased, and the undertaker, had a conference at Dr. Wessels' office. Dr. Wessels made a death certificate giving as cause of death acute peritonitis; contributing cause, an ulcer and tumor of the stomach and gastritis of two years' duration. * * * "

Plaintiff claimed her husband's death was caused by an accident which arose out of and in the course of his employment by defendant. Denial of this claim by the defendant company presented the issue for adjudication. Plaintiff had the burden of establishing her contention. *Perry* v. *Woodward Bowling Alley Co.,* 196 Mich. 742.

On the record before us, a decision affirming the finding and order of the department might well be rested solely on our numerous holdings that in cases presenting a conflict of testimony the determination of the issues of fact by the department will not be reviewed by this court. *Beaty* v. *Foundation Co.,* 245 Mich. 256. However, we are asked to pass upon a question of law which appellant has raised. Two physicians, who at plaintiff's request attended an autopsy performed on the body of the deceased, testified in behalf of plaintiff at the hearing before the deputy commissioner. When reviewing plaintiff's application, the commission held that the testimony given by these two physicians could not be considered because it was taken in violation of Rule No. 24 of the department, which we will shortly consider. But this ruling of the commission does not affect our affirmance of its determination of the issue of fact

presented, because the commission did review and consider the testimony of these two doctors, and found: "We are of the opinion that if this testimony was considered it would not sustain the plaintiff's claim."

The rule-making power of the commission is conferred by the following statutory provision:

"The board may make rules not inconsistent with this act for carrying out the provision of the act." 2 Comp. Laws 1915, § 5456.

Rule No. 24 in part provides:

"In all cases where a post-mortem examination is had, both parties shall be notified, and given a reasonable opportunity to have their own physician present. Testimony secured at post-mortem examination not conducted in accordance with the law and this rule will not be considered by this commission."

The defendant was not notified and given a reasonable opportunity to have its own physician present at a post-mortem held at plaintiff's instance. Plaintiff attacks the validity of the rule. Clearly, under the statutory provision, the board may adopt rules of procedure which will enable it to effectively carry out the purposes of the so-called workmen's compensation act (2 Comp. Laws 1915, § 5423 *et seq.*). *Hamilton* v. *Macey Co.*, 195 Mich. 747. But such rules must be reasonable and cannot contain arbitrary provisions which will prevent a party from presenting competent and material proof. We think Rule No. 24 as drafted is too broad. If it were applicable only to post-mortems held at the instance of one or the other of the parties it might not be objectionable. But as framed it closes the door to competent testimony relevant to material facts developed at every post-mortem except the required

notice be given.  Thus, unless notice was given, it would apply to a post-mortem held at the instance of proper authority, for example by a coroner. Neither party may have been in a position to give the opposite party reasonable notice of an inquest so held.  It would indeed be an arbitrary and unjust rule which provided that neither party might protect his rights by competent proof of relevant facts developed at such an inquest.  As indicated, we are of the opinion that the provisions of Rule No. 24 are too broad; but we do not find that the commission's determination of this case was affected thereby.  The case is affirmed, with costs to the appellee.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, and FEAD, JJ., concurred.  McDONALD, J., did not sit.