John W. YOUNG, Commissioner of Labor, etc., et al., Appellants,

v.

Druscilla NAPIER, etc., et al., Appellees.

Court of Appeals of Kentucky.

March 5, 1971.

Martin Glazer, Thomas R. Emerson, Department of Labor, Frankfort, for John W. Young, Commissioner of Labor and Custodian of Special Fund.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, for Island Creek Coal Company and Evans Coal and Land Company.

Oscar L. Blanton, James Steven Hogg, Jackson, for appellees.

**236**

NEIKIRK, Judge.

The Breathitt Circuit Court affirmed the award of the Kentucky Workmen's Compensation Board granting Druscilla Napier, widow of Shade Napier, and his dependent children compensation benefits for his death resulting from an occupational disease contracted in the course of his employment. The Special Fund and Island Creek Coal Company appeal. We affirm.

Shade Napier had worked in coal mines in Kentucky for many years. His last employer was Island Creek Coal Company. Napier filed a claim for compensation, alleging total and permanent disability as a result of the occupational disease of pneumoconiosis. After the filing of his claim and before determination by the Board, Shade Napier died.

The Workmen's Compensation Board found that Shade Napier became totally and permanently disabled before his death as a result of pneumoconiosis arising in the course of his employment, and found that his death was caused by the occupational disease of pneumoconiosis. The only evidence before the Board supporting the finding as to the cause of death was an autopsy report and the supporting testimony.

The autopsy was performed in Lexington, Kentucky. The coroner of Breathitt County had ordered it. The family of Shade Napier had consented to a medical investigation. The coroner stated that he had intended to completely investigate the cause of death, with or without the consent of the next of kin, as he was more than suspicious that Shade Napier had died from some unnatural cause. The autopsy report concluded that the disease of pneumoconiosis was the cause of death. The physician who examined Shade Napier when he applied for compensation testified the death was not caused by pneumoconiosis but that the decedent expired as a result of a heart attack.

The question presented is whether the autopsy report and testimony relative thereto should have been admitted into evidence. The appellants contend that the report should have been excluded because they were not notified of the autopsy. KRS 342.316(7) of the Workmen's Compensation Law provides:

"If an autopsy has been performed, no testimony relative thereto shall be competent unless the employer or his representative and a representative of the deceased employe shall have participated therein or been given reasonable opportunity to do so."

Appellees contend that the report of the autopsy and the testimony concerning the findings were rightfully admitted under KRS 72.260(1), which provides:

"Reports of investigations, examinations and autopsies made pursuant to KRS 72.210 to 72.275 or transcripts or copies thereof certified by the director of the Medical Examiner Section or by any county or district medical examiner shall be admissible in evidence in any court of this state."

In this case, the autopsy was performed at the request and direction of the coroner, acting in his official capacity. There is no evidence indicating that the coroner knew of the workmen's compensation claim filed by Shade Napier prior to his death. There is no evidence showing that the report of the autopsy was furnished to parties interested in the outcome of the claim. The coroner's testimony clearly shows that he desired a post-mortem, as the circumstances surrounding the death of Shade Napier appeared to him sufficient to warrant investigation. Had the post-mortem been conducted at the instance of a party interested in the outcome of the claim pending before the Board, KRS 342.-316(7) would have been controlling.

We hold that KRS 342.316(7) is applicable to post-mortems held at the instance of one or the other of the party-litigants. To

hold otherwise would be to close the door to competent evidence relative to material facts developed at a post-mortem held at the instance of a proper authority under KRS 72.260(1). See Coatta v. Antrim Iron Co., 251 Mich. 300, 232 N.W. 227.

We hold in the instant case that the autopsy report and the relevant testimony are admissible. There was substantial evidence to support the finding of the Workmen's Compensation Board.

The judgment is affirmed.

All concur.