DIEBEL *v.* SPITZLEY & WIDENMAN CONSTRUCTION CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PARTIES—WAIVER.

Where defendant insurance company took the initiative in regard to the accidental death of an employee of either a construction company or its president (the actual employer being somewhat in confusion) by filing a report of the accident with the industrial accident board, and

thereafter, without protest or explanation, assumed to represent them in arbitration proceedings, and whenever occasion arose, accepting the award of compensation by the arbitration committee against it and the construction company, without appeal, any possible objection which defendant might have had as to parties as affecting its liability, *held,* to have been waived.

2. SAME—REHEARING—JURISDICTION OF INDUSTRIAL ACCIDENT BOARD. Where no appeal was taken from a final order of the industrial accident board, in proceedings under the workmen's compensation act, said board is without jurisdiction to grant a rehearing therein

Certiorari to Industrial Accident Board. Submitted October 30, 1919. (Docket No. 82.)   Decided December 22, 1919.

Henry Diebel, personally, and as guardian of Eunice and Clara Diebel, presented his claim for compensation against the Spitzley & Widenman Construction Company for the accidental death of his son in defendant's employ. On petition of the Chicago Bonding & Insurance Company, and another, insurers, to be relieved from further payments under an award. From an order denying the petition, defendants bring certiorari. Affirmed.

*Frederick J. Ward,* for appellants.

*Kerr & Lacey,* for defendant construction company.

*Vincent M. Brennan,* for appellee.

STEERE, J.   This case comes here by certiorari to the industrial accident board for review of an order made by it on January 29, 1919, denying a petition by defendant Chicago Bonding & Insurance Company to be relieved from making further payments of compensation in the case, ordering accrued compensation paid to the amount of $184.50, and continuance of payment of $4.50 a week in accordance with an award

made by a committee of arbitration on September 20, 1916. The case is somewhat peculiar in an indicated confusion of parties and misunderstanding of facts which seems to run even to the names of the parties and manner of spelling the same. One T. W. Widenman (variously spelled) is not personally a party to the proceeding but figures conspicuously in it.

On February 29, 1916, Leon (or Leland) Diebel, a young single man about 20 years of age, was killed in the course of his employment by a concededly industrial accident, and left him surviving the plaintiffs, respectively his father Henry, two minor sisters Eunice and Clara, the father being personally a party to this proceeding and as guardian for his minor daughters. The case was first brought to the attention of the industrial accident board by the report of an accidental death to one Leland Diebel received from A. D. Kehoe, adjuster of defendant Prudential Casualty Company. That report named T. W. Widenman as employer, the place and date where the accident occurred as 390 Burlingame avenue, February 29, 1916, with answers to other questions in the form furnished by the industrial accident board not material to detail, and was signed by T. W. Widenman as employer. On March 23, 1916, the industrial accident board received a letter from W. D. Allen, adjuster of the Prudential Casualty Co., referring to a report inclosed "of accident to Leland Diebel, an employee of T. W. Widenman," stating that payment of necessary expenses in connection with the funeral had been refused by the boy's father and there was reason to believe a claim of dependency would be made in behalf of two younger sisters of deceased, which the company was awaiting developments in because unable to obtain necessary information as to the different employers for whom deceased worked during the year and inability of the family to furnish informa-

tion as to contributions made by deceased towards their support. On March 24, 1916, the industrial accident board sent the report to the Prudential Casualty Company in Detroit for completion, as to the daily wages of deceased. On April 6, 1916, the board received a letter from V. M. Brennan, attorney, of Detroit, stating he had been retained by Henry Diebel for himself and as guardian of his two minor daughters, that deceased was when killed in the employ of the "Spitzley & Widenman Construction Company," and in a letter dated April 15th the board had named "T. W. Widenman Construction Company" as the employer, while Mr. Allen in his letter to the board referred to deceased as employed by "T. W. Widenman"; that there was a concern located in the Farwell building in Detroit under the name of "Spitzley & Widenman Construction Company" and the writer was anxious to learn whether the concern under that name had filed acceptance of the compensation act with the board. This was followed by other correspondence, and on May 2, 1916, a notice to T. W. Widenman as employer was filed by Henry Diebel, "per V. M. B."; in accordance with the prescribed form, naming as respondents "the Spitzley & Widenman Construction Company, a Michigan corporation, and Prudential Casualty Company, a corporation," and stating "the postoffice address of respondents is as follows: Spitzley Company, Farwell building, Detroit, Michigan, Prudential Casualty Company, Majestic building, Detroit, Michigan."

No agreement as to compensation having been reached the matter was set for arbitration on September 20, 1916, at which time Zalic B. Clago was appointed arbitrator for the three applicants and Arthur L. Aiken for the Prudential Casualty Company at the instance of the respective parties, the appointment of Aiken being made pursuant to a written notice, dated

September 13, 1916, to the industrial accident board as follows:

"You are hereby notified that Arthur L. Aiken whose postoffice address is 1442 Majestic building, has been chosen a member of the committee of arbitration in the above entitled matter by the undersigned.

"PRUDENTIAL CASUALTY CO., Respondent,

"Per A. D. KEHOE."

The arbitration resulted in an award in favor of applicants in the sum of $4.50 per week for a period of 300 weeks from February 29, 1916. True copies of this award were sent to Vincent M. Brennan, attorney, Henry Diebel, Spitzley & Widenman Construction Company, at their Detroit address, one being also sent to the Prudential Casualty Company, 1330 Majestic building, Detroit, Michigan, and another to its home address at Indianapolis, Indiana. No appeal was taken from this award, and the payments were regularly made thereafter for over two years by the Prudential Casualty Company, and its successor, the defendant Chicago Bonding & Insurance Company, receipts being given therefor by Henry Diebel and filed with the board, the last covering the 111th week being filed April 2, 1918.

On October 4, 1916, the industrial accident board wrote to the Prudential Casualty Company asking for a final report of the accident, to which reply was made by A. D. Kehoe, its adjuster, inclosing the supplemental report as per request and stating, among other things, "This matter will not be contested further as it has evidently been settled satisfactorily to all parties concerned." This final report, dated October 9, 1916, gave the name of the employer as "Spitzley & Widenman Construction Company" and was signed by "T. W. Widenman, position—general superintendent." He was also president of that company, which, on July 12, 1915, had filed with the board its written accept-

ance of the provisions of the workmen's compensation law, signed by him as its president. He was also a witness at the hearing before the committee of arbitration on September 20, 1916, and produced the time books showing when Leon Diebel started to work, his rate of wages and number of hours employed. His explanation of the fact that about three weeks after the award was made against the Spitzley & Widenman Construction Company and Prudential Casualty Company he signed a final report of the accident as the construction company's superintendent, giving the name of said company as the employer, is that the question of employment seemed to have been settled when he appeared in the room before the arbitration committee and he subsequently signed the typewritten final report in behalf of the company, "not appreciating the significance and as a matter of formality."

The records of the industrial accident board show that the Southern Surety Company was insurer of the Spitzley & Widenman Construction Company, whose acceptance was approved by the board July 17, 1915; that on February 9, 1916, the Prudential Casualty Company filed a certificate, dated February 1, 1916, stating T. W. Widenman was insured by it under the workmen's compensation act; that his personal acceptance of the provisions of the law, also dated February 1, 1916, first reached the office of the board March 6, 1916, and was approved by the board March 20, 1916.

The petitioner, defendant Chicago Bonding & Insurance Company, which some time later took over and became the successor of the Prudential Casualty Company, continued payment of compensation pursuant to the award until after, as alleged in the petition, claimant Henry Diebel as administrator of Leon Diebel's estate brought a common-law action in the circuit court of Wayne county against T. W. Widenman to recover

damages for the death of said Leon, charging that he was then in the employ of Widenman who had not at that time filed his election to come under the compensation law, which led to discovery on investigation that the Prudential Casualty Company never was insurer of the Spitzley & Widenman Construction Company. Payments thereafter were discontinued and in September, 1918, a judgment was taken in the circuit court of Wayne county under applicable provisions of the compensation law for installments in default, followed by this petition to the board for relief; which is in effect an application for a rehearing, as no claim for review of the award was filed within the prescribed time therefor and the decision of the committee which was filed stood as the decision of the industrial accident board, under section 8, part 3, of the act (2 Comp. Laws 1915, § 5461).

The major key of defendants' reason for relief seems to sound in equity, asserting "that the entire proceedings from the very outset, that is from the hearing before the arbitration committee down to the time of stopping of compensation, was in error and a mistake on the part of all parties concerned," which it is urged the court can and in justice should correct. It is also urged as a legal proposition that the committee of arbitration which made the award had no jurisdiction over the Prudential Casualty Company, because, as we gather from the argument, it was not in fact surety for the defendant construction company and, therefore, as to it, not under the jurisdiction of the workmen's compensation law or its administrative board; which it was the duty of the board or its committee to ascertain before proceeding to determine the rights of the parties; while it is submitted as—

"very evident that this committee did not make the proper inquiry or investigation; if they did the very first thing they would have discovered would have been

that the proper insurance company was not named in that award. This arbitration committee is presumed to determine these matters on a fair and impartial basis and if they find the claim is not made against the proper employer or proper insurance company it is their duty to so report it, and any other action on their part would not be in accordance with their duty and powers and would therefore be illegal."

If anyone knew who was young Diebel's employer at the time of his death, and whether the Prudential Casualty Company was insurer for the Spitzley & Widenman Construction Company, it would seem Widenman and those two companies, or their proper officials, had that knowledge. We are not cited to any provision of the statute or rule of law imposing upon the arbitration committee or accident board the duty of investigating under the presumption those before them as respondents did not know, and must be advised by them in that particular. The Prudential Casualty Company took upon itself the initiative in regard to this accident under the compensation law, by filing report of it with the board as required in such cases. It thereafter without notice to the contrary, protest or explanation, assumed to represent either Widenman or the construction company as an insurer, whenever occasion arose in the matter. It filed two inconsistent reports, the first naming Widenman and the second the Spitzley & Widenman Company as employer. It at first negotiated unsuccessfully to adjust the matter of compensation with plaintiffs. When it, as insurer, and the construction company were together proceeded against for compensation under the law it raised no question as to form of the proceeding or proper parties and joined actively in the arbitration, selecting one of the three arbitrators to represent it, as the law permits a respondent to do. It thereafter advised the accident board there would be no farther contest

as the matter was evidently settled satisfactorily to all concerned and filed no claim for review.

Whatever mistake or misunderstanding there may have been on the part of defendants cannot be imputed to plaintiffs or urged as mutual, for on first participation plaintiffs' counsel wrote the board that his client's son was killed "while in the employ of the Spitzley & Widenman Construction Company," and having decided to proceed against the construction and Prudential companies, so proceeded from the beginning and entitled the papers he filed and served as a claim against them, which was consistently pressed and maintained to final award.

For disposition of this writ it is not deemed necessary to pursue suggested theories or conjectures in explanation or imputation of the causes or motives which may have resulted in the situation from which relief is now asked. We do not disagree with the conclusion and finding of the industrial accident board that the Prudential Casualty Company could and did waive possible objections as to parties, and conceded plaintiffs' claim that it was jointly liable with the construction company.

Aside from that aspect of the case we conclude that, the injured party being dead, the award was clearly a final order and, as before suggested, this petition is in its legal import but an application for a rehearing which when filed the accident board lacked jurisdiction to entertain under the recent holding of this court upon that subject in *Pocs* v. *Buick Motor Co., ante,* 591.

The order of the industrial accident board herein will stand affirmed.

BIRD, C. J., and SHARPE, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.