PEET *v.* CITY BAKERY CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—RE-
OPENING AWARD—CHANGED CONDITION.

    The department of labor and industry is without juris-
diction to reopen an award to an injured employee under
the workmen's compensation act (2 Comp. Laws 1915, §
5467) if there is no substantial change in his condition.

2. SAME—CHANGED CONDITION—FINDING OF DEPARTMENT CON-
CLUSIVE IF SUPPORTED BY EVIDENCE.

    Where there was competent testimony to support the find-
ing of the department that the disability of an injured
employee which existed at the hearing, when the award
was reopened, was not due to the accident, but to natural
causes, the finding, in the absence of fraud, is conclusive,
although the testimony was controverted (2 Comp. Laws
1915, § 5465).

Certiorari to Department of Labor and Industry.
Submitted June 29, 1926. (Docket No. 72.) De-
cided May 3, 1927.

Charles A. Peet presented his claim for compensa-
tion against the City Bakery Company and the General
Casualty & Surety Company, insurer, for an accidental
injury in defendant's employ. From an order grant-
ing a petition to discontinue payments under an award,
plaintiff brings certiorari. Affirmed.

*Linsey, Shivel & Smedley,* for appellant.

*Alexander & Ruttle,* for appellees.

STEERE, J. On July 15, 1921, plaintiff was em-
ployed by the City Bakery Company. In attempting
to pull a heavy rack of bread he slipped on a wet floor

---

[1]Workmen's Compensation Acts, —— C. J. § 151; [2]Id., ——
C. J. § 151 (Anno); L. R. A. 1916A, 178; 266; L. R. A. 1917D, 186;
28 R. C. L. 828; 5 R. C. L. Supp. 1581; 6 R. C. L. Supp. 1766.

and was severely injured.    An employer's agreement for compensation was entered into, as authorized by the workmen's compensation law, whereby "It is agreed, that compensation be paid at the rate of $14 per week, during total disability."    Regular payments were made him under this agreement until August 22, 1923, when a petition was filed by defendant General Casualty & Surety Company to stop or reduce further payments.    In the petition it was asserted that plaintiff had been offered light work which he could do and had refused it; that as the result of his work on a farm which he owned he derived an income approximately equal to the wages he received at the time he was hurt.    A hearing was had upon this petition on September 25, 1923, and an order was made dismissing the same.    Compensation was then paid to August 10, 1925, when a second petition to stop or reduce compensation was filed by the General Casualty & Surety Company.    In this petition it was stated in substance that the disability due to the accident had terminated and if plaintiff was now disabled it was due to natural causes.    A hearing was had upon this second petition at Grand Rapids on September 1, 1925, before a deputy commissioner, who suggested that plaintiff be sent to Ann Arbor for observation and given a thorough examination.    Plaintiff thereafter, on September 9, 1925, went to Ann Arbor, Michigan, where an examination was made by Drs. Carl D. Camp and Carl Egbert Badgley.    The depositions of these two witnesses were taken and filed with the department of labor and industry.    On November 18, 1925, an order was made by the deputy commissioner granting the relief prayed in defendants' petition, stopping further compensation.    An appeal was taken by plaintiff for review before the full commission of the department of labor and industry.    On January 26, 1926, the commission filed

findings, affirming the order made by the deputy commissioner.    An order was made and entered in conformity with its findings.    Plaintiff brings the case to this court for review by writ of certiorari.

Plaintiff claims there has been no change in his physical condition since the injury, and especially since the time of the order of September 25, 1923, and therefore the department of labor and industry is without authority to grant a rehearing upon the question of weekly payments.    The law is practically unquestioned that if there is no substantial change in plaintiff's condition, then, under the decisions of this court, the commission was without jurisdiction to reopen the previous award and change the order of September 25, 1923.    *Estate of Beckwith* v. *Spooner*, 183 Mich. 323 (Ann. Cas. 1916E, 886) ; *Pocs* v. *Buick Motor Co.*, 207 Mich. 591; *Diebel* v. *Construction Co.*, 207 Mich. 618; *James* v. *Iron Works*, 212 Mich. 174; *Burley* v. *Central Paper Co.*, 221 Mich. 595; *Washburn* v. *Jackson & Tindle*, 229 Mich. 644; 2 Comp. Laws 1915, § 5467.

Appellant's claim is stated as follows in his counsel's brief:

"It is now contended by defendants that plaintiff's present condition is not due to the original injury and this claim is based principally upon the testimony of Dr. Badgley of Ann Arbor.    It is plaintiff's contention that his disabled condition is directly due to the original injury.    This is based principally upon the testimony of plaintiff, Mr. Scott, the manager of the City Bakery Company, and Dr. Gustaf A. Bachman. However, plaintiff contends that whether he is right in his conclusion, or the defendants are right in their conclusion, is not decisive of the question here involved.    In other words, it having been legally determined on September 25, 1923, by Deputy Beattie, that plaintiff was still suffering disability as a result of the accident, the burden is upon the defendants to show there has been a change in plaintiff's condition.

The law will not permit the defendants from time to time to go out and seek expert witnesses to testify in their opinion that plaintiff is not at any particular time disabled as a result of the original accident, when it has once been determined that the disability was a result of the accident, unless it is shown that there has been a change in plaintiff's physical condition since the time of the last legal determination of this question. It would be manifestly unjust to permit just such a thing as defendants are seeking to do in this case. The law does permit a review of the weekly allowances, but there can be no review unless there has been an actual change in the physical condition. This is a just rule and one which applies with equal force to the person injured as well as the person who is called upon to pay compensation."

Counsel for defendants concede that, if there has since been no change in the physical condition of plaintiff, the order of January 26, 1926, is wrong, but contend the proofs show that the disability which existed in 1923 growing out of the accident is ended, and the disability which now· exists grows out of the fact that claimant now. has spinal arthritis, a condition which some of the physicians who examined him testified was in no way connected with the original accident. The findings and conclusions of the commission of the department of labor and industry upon that contention are as follows:

"The compensation law is based entirely upon the theory that compensation shall be paid in cases where employees have met with an accidental injury and their subsequent disability and physical condition is due to that accident, arising out of and in the course of their employment. And, when the Supreme Court in the cases cited by counsel for the plaintiff stated the rule to be that the commission was without authority to reopen an award except upon a changed physical condition, the rule was meant to apply, we believe, to a physical condition due to the accidental injury which is the very foundation theory of the compensation law. We must assume that on September 25, 1923,

when Deputy Commissioner Beattie made his award from which no appeal was taken, that the plaintiff was at that time suffering a disability due to the accident, but the testimony shows now that his disability is in no way connected with or due to his accident. Hence, there has been a change. A change from what? A change from his disability due to the accident to a disability not due to the accident, and the compensation can be awarded only in cases of disability due to accidental injuries arising out of and in the course of the employee's employment. So, we think the argument of plaintiff's counsel in this respect is fallacious.

"For the reasons stated, we are forced to the conclusion that the award of Deputy Commissioner Ravens in granting the petition to stop compensation on the ground that the plaintiff is not now suffering from any disability as a result of the injury of July 15, 1921, must be affirmed."

Though controverted, there was competent testimony to support the commission's finding that the disability which existed at the last hearing was not due to the accident, but to natural causes. Such being the case, its findings of fact, in the absence of fraud, are conclusive and final. 2 Comp. Laws 1915, § 5465; *Rayner* v. *Furniture Co.,* 180 Mich. 168 (L. R. A. 1916A, 22) ; *Spooner* v. *Detroit Saturday Night Co.,* 187 Mich. 125 (L. R. A. 1916A, 17) ; *Cramer* v. *West Bay City Sugar Co.,* 201 Mich. 500; *Malone* v. *Railway,* 202 Mich. 136; *Doherty* v. *Grosse Isle Township,* 205 Mich. 592; *Shaffer* v. *D'Arcy Spring Co.,* 206 Mich. 483; *Cosendai* v. *Piggott Brothers,* 231 Mich. 544.

The order of the commission will stand affirmed, with costs to appellees.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.