INDUSTRIAL COMMISSION v. MONROE

Ohio Appeals, 4th Dist., Lawrence Co.

Decided Nov. 17, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

631. INDUSTRIAL COMMISSION—725. Limitations— 85. Appeal.

Where, after more than thirty days have elapsed from date of final decision, Industrial Commission re-opens case for purpose of considering newly discovered disability, Commission has power to either allow or disallow compensation for new disability, and appeal will lie from such action.

1235. VERDICTS.

Verdict granting "the sum of $12.00—for life" held sufficiently definite to support judgment.

Error to Common Pleas.

Judgment affirmed.

R. R. Zurmehly, Columbus, for Indust. Comm. Irish & Riley, Ironton, for Monroe.

STATEMENT OF FACTS

On Nov. 18, 1921, James Monroe, while employed as a coal miner, received an injury from a piece of coal which hit him in the left eye. On Dec. 2, 1921, he filed an application with the Industrial Commission for compensation on account of such injury. The Commission found that Monroe had lost seventy-five per cent of the vision of the left eye, and made a final award for injury, for the maximum amount per week allowed by the statute, said award to continue for seventy-five weeks. No further proceedings were had until Feb. 1, 1926, when Monroe filed an application for a modification of said award claiming that his other eye had become infected, and that physicians advised him that in a few months he would be totally blind.

The Commission granted a hearing on this application, and subsequently denied the same. Monroe filed an appeal in the Court of Common Pleas within thirty days from the day the application was denied. The case was then heard in the Common Pleas and Monroe was allowed compensation for total disability.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MIDDLETON, J.

It was contended in that court and it is now contended here that the Court of Common Pleas had no jurisdiction to entertain said appeal for the reason that it was not made within thirty days from the day the Commission had finally disposed of the claim. This contention is based on the theory that the finding and order of the Commission made on May 15, 1922, was a final disposition of Monroe's claim for an award. It is urged that this position is supported by the case of Industrial Commission v. Glenn, 101 OS. 454, wherein the Supreme Court held that the denial of an application for a rehearing filed more than thirty days after the claim had been denied was not the proper basis for an appeal. We can not concur in this contention. If it is sound, then in all applications for a modification of an award based upon conditions arising more than thirty days after the award has been made the applicant is without any right of appeal regardless of the action of the Commission or the merits of his claim. Under the circumstances of the instant case, while the application is designated as one for a modification of the original award it is in fact a new application founded upon additional disability that was not apparent at the time of the original award. When the application was made and granted, the Commission re-opened the whole matter. After it was re-opened, it is not disputed that the Commission had power to make an award covering the newly discovered disability. Then it must follow that an appeal would lie from that action of the Commission.

In the recent case of Industrial Commission v. Joyce, in the Court of Appeals for Cuyahoga County, circumstances very similar to the facts in this case were involved and the same contention was made in that case as is made here, that the application for a modification having been filed more than thirty days after the original award there was no right of appeal. That court, however, held otherwise and said:

"It seems to us quite clear that since the Industrial Commission re-opened the claim as of the date of July 1, 1926, the same became

a pending matter and that the thirty day period for the filing of an appeal begins to run from the day when the Industrial Commission made the final decision, to-wit, Dec. 31, 1926".

Both upon reason and authority, we hold, therefore, the Court of Common Pleas had jurisdiction on appeal.

It is further urged in support of the petition in error that the trial court erred in permitting the jury to correct its verdict after it had returned the same and was excused from further consideration of the case. The verdict as first returned by the jury is as follows:

"We, the jury, being duly impaneled and sworn, find the issues in this case in favor of the plaintiff and assess the amount due the plaintiff from the defendant, the said Industrial Commission of Ohio, in the sum of $12.00 —for life."

Without stating in detail what was then done by the court, it is sufficient to say that this verdict, in our opinion, was sufficiently definite to support the judgment. The statute law provides that the award shall continue. The court, in its instructions to the jury, followed the statute and carefully and fully explained to them, if they found in favor of the claimant, they should allow a definite amount per week, to be paid for a certain length of time, to be determined by the nature and character of the injury suffered. So that the jury were fully informed when they made their verdict that any amount that they allowed was upon the basis of an award per week. Manifestly, therefore, when they fixed the sum of $12.00 for life, they intended and could only intend that amount to be paid per week, for life.

(Sayre, PJ. and Mauck, J. concur.)