LAKSO *v.* MUNRO IRON MINING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ORDER NOT APPEALED FROM FINAL — CHANGED PHYSICAL CONDITION NECESSARY TO REOPEN CASE.

Where denial by a deputy commissioner of an injured employee's petition for further compensation was not appealed from, it was final, and thereafter, in order to entitle him to further compensation, he must show that his physical condition has changed for the worse subsequent thereto.

2. SAME—FINDING OF COMMISSION IF SUPPORTED BY EVIDENCE FINAL.

The commission is trier of the facts, and its finding will not be disturbed on review if there is any competent evidence to support it.

3. SAME—FINDING OF TOTAL DISABILITY JUSTIFIED BY EVIDENCE.
    Testimony by the employee and a physician that, because
        of the injury to his leg, the employee was then unable
        to do any kind of common labor, justified the finding of
        total disability by the commission.

4. SAME—EMPLOYEE TOTALLY DISABLED ENTITLED TO PAY FOR 500
    WEEKS.
    The provision in the statute (2 Comp. Laws 1915, § 5439)
        for total disability is construed to mean that an injured
        employee totally incapacitated is entitled to pay for 500
        weeks if his disability continues for that period, and is
        not limited to 500 weeks from the date of the injury where
        the total disability does not develop until some time there-
        after.

Certiorari to Department of Labor and Industry.
Submitted April 10, 1928.    (Docket No. 97, Calendar
No. 33,422.)    Decided July 24, 1928.

Matti Lakso presented his claim for compensation
against the Munro Iron Mining Company for an acci-
dental injury in defendant's employ.    From an order
awarding compensation, defendant brings certiorari.
Affirmed.

*Leigh C. Caswell,* for appellant.

*E. F. Le Gendre,* for appellee.

MCDONALD, J.    The defendant reviews by certiorari
an award of the department of labor and industry.

The plaintiff was injured on May 26, 1916.    By
agreement, compensation was paid for a period of
83 2/3 weeks for total disability and for 174 weeks
for partial disability.    The case was closed on March
13, 1918, when a final settlement receipt for $631.55
was filed.    Later it was re-opened and further com-
pensation for partial disability was awarded.    On
September 13, 1923, another final settlement receipt
was filed acknowledging the payment of $1,088.25.    On

December 18, 1923, he again petitioned for further compensation. This petition was denied by the deputy commissioner on February 7, 1924, and no appeal was taken therefrom. On the 28th of January, 1927, the pending petition for further compensation was filed. On appeal to the board, it was determined that the plaintiff has been totally disabled since March 1, 1924, and that he is entitled to compensation from that date for total disability until further order at the rate of $7.548 per week, not to exceed 500 weeks in all and $4,000 in amount.

The plaintiff is not entitled to further compensation unless he has shown by competent evidence that there has been a change for the worse in his physical condition since the order of February 7, 1924. The board found such a change to the extent of total disability. It is the defendant's contention that the evidence does not warrant the finding. The board is trier of the facts and we will not disturb its finding if there is any competent evidence to support it.

As no appeal was taken from the order of the deputy commissioner filed on the 7th of February, 1924, it constitutes a final determination of the plaintiff's right to compensation of that date. When that order was made, the plaintiff was confined in the State asylum at Newberry, Michigan. He was released in March. His injury consisted of a fracture of both bones of the leg. He testified that after his release his injury became worse, that he was wholly incapacitated from doing any kind of common labor, that he attempted to obtain work but was turned away by different employers because of his crippled condition due to the injury. His testimony was supported by that of doctors who examined his injury. Dr. Falso testified:

"I looked at his leg over three years ago, but I do not remember the date, and at that time it didn't look so

bad as it is now on account of the atrophy of the leg. * * *

"*Q*. You wouldn't say this man was totally disabled from performing common labor, would you doctor?

"*A*. He is so far as his condition is now.

"*Q*. Do you mean to say it is impossible for him to perform any common labor?

"*A*. Impossible for him to do any common labor now."

In view of the testimony of the plaintiff and of the doctor, it cannot be said that the finding of the board was not based on any competent evidence.

It is also contended by the defendant that the plaintiff is not entitled to further compensation for total disability because the compensable period had expired at the time of the hearing.    It is argued that, properly construed, the statute provides for a compensable period of 500 weeks beginning on the date of the injury, and that, computing the time from the date of the injury, which was May 26, 1916, the compensable period expired the first week in January, 1926.    The present petition was filed on January 31, 1927, and the award was filed on the 24th of June, 1927.

This contention of the defendant requires a consideration of the statute providing compensation for total disability which was in effect at the time of this accident.    It is section 5439, 2 Comp. Laws 1915, and reads as follows:

"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereafter provided, to the injured employee, a weekly compensation equal to one-half of his average weekly wages, but not more than ten dollars nor less than four dollars a week; and in no case shall the period covered by such compensation be greater than five hundred weeks, nor shall the total amount of all compensation exceed four thousand dollars."

There can be no doubt as to what the legislature intended by this section of the statute.    It intended

that in case of total disability the injured employee should be paid compensation for 500 weeks if he was incapacitated for that period.   Under the defendant's construction that the period begins to run on the date of the injury, the employee in no case could receive compensation for 500 weeks unless his total incapacity developed immediately at the time of the accident.   In other words, if his total incapacity did not begin until 100 weeks after the accident, he would be entitled to compensation for 400 weeks only, though he should be totally incapacitated for the full 500 weeks.   Such a construction is plainly contrary to the legislative intent.   It was not meant to reduce the compensation period by reckoning in time when total disability did not exist.   The language of the statute is plain and unambiguous and means just what it says.   An injured employee totally incapacitated is entitled to pay for 500 weeks if his disability continues for that period. This question will not arise again because the statute was amended by Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5439).   The amendment increases the maximum amount to be paid for all compensation and provides that the 500 weeks' period shall begin from the date of the injury.

No other questions require discussion.

The award is affirmed, with costs to the plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.