AMMOND *v.* MUSKEGON MOTOR SPECIALTIES CO.

1. Master and Servant—Change of Condition—Question of Fact —Evidence.,

Whether physical condition of employee had changed since order stopping compensation was made is a question of fact, and finding of change made without evidence in support thereof is reversed.

2. SAME—APPEAL AND ERROR—CHANGE OF CONDITION—COMPENSA-
TION.

Employee, a cam grinder, who received injury to hand, re-
turned to work not requiring use of hand and did not appeal
from erroneously entered order stopping compensation, may
reopen question of compensation only by a showing of changed
physical condition.

POTTER, J., dissenting.

Appeal from Department of Labor and Industry.
Submitted October 10, 1933. (Docket No. 137, Cal-
endar No. 37,226.) Decided December 5, 1933.

Fred Ammond presented his claim against Muske-
gon Motor Specialties Company, employer, and
Metals Mutual Insurance Company, insurer, for in-
juries received while in defendant's employ. On
petition for further compensation. Award to plain-
tiff. Defendants appeal. Reversed.

*Christian A. Broek* (*Robert M. Anderson,* of
counsel), for plaintiff.

*Francis D. Campau,* for defendants.

McDONALD, C. J. This is an appeal from an award
of compensation by the department of labor and
industry.

On July 26, 1930, the plaintiff suffered an acci-
dental injury while employed as a cam grinder by
the defendant, Muskegon Motor Specialties Com-
pany. It is conceded that the accident arose out of
and in the course of his employment. The injuries
resulting from the accident were a fracture of the
left index finger, dislocation of the middle finger,
contusion and laceration of all the fingers, thumb
and hand. He was earning $27 a week. An agree-
ment approved by the department was entered into

with the employer on August 13, 1930, providing for the payment of $18 a week. Payments were continued under the agreement until October 15, 1930, at which time on application of the defendant an order was made by a deputy commissioner stopping compensation. The order was affirmed by the department on appeal. After this the plaintiff was taken back to work as a night watchman at less wages but as he worked longer hours he received the same pay as he was receiving when injured. After working a year and a half as night watchman he was discharged. Following this he worked for awhile as a meat cutter but was unable to continue because of the condition of his hand. He then filed a petition for further compensation which was granted by the deputy commissioner and affirmed on appeal by the department. From this award the defendants have appealed.

The issue presented is one of fact. To sustain the award it must appear that the plaintiff's physical condition has changed since the order was made stopping compensation on October 15, 1930. *Washburn* v. *Jackson & Tindle,* 229 Mich. 644.

The department found a changed condition but neither in the opinion filed nor in the plaintiff's brief is there any reference to evidence in support of the finding. In the testimony taken no attempt was made to show a change and consequently none was shown. In fact there was no change. On the hearing of the petition to stop compensation the medical testimony then taken shows that the plaintiff's physical condition was the same as it is now. The doctor had discharged him and he was taken back to work but at employment in which it was not necessary to use his injured hand. At that time he was disabled to the same extent as he is today. We think the department erred in stopping compensa-

tion but as that order was not appealed from the matter cannot be reopened except on a showing of changed condition.

As there is no evidence to support the finding of the department, the award is reversed.

WEADOCK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred with McDONALD, C. J.

POTTER, J. I dissent from the conclusion herein.