JESSE STICE, Appellant, v. CONSOLIDATED INDIANA COAL COM-
PANY, Employer; BITUMINOUS CASUALTY CORPORA-
TION, Insurance Carrier, Appellees.

No. 44946.

APRIL 2, 1940.

REHEARING DENIED SEPTEMBER 27, 1940.

H. V. Levis, for appellant.

Huebner & Huebner, for appellees.

MILLER, J.—This is a proceeding under the Workmen's Compensation Act. The claimant was injured on November 15, 1934. On November 30, 1935, a memorandum of agreement, executed under date of November 20, 1935, was filed with the commissioner, and thereafter approved on December 13, 1935. This agreement fixed the commencement of disability as October 31, 1935, the rate of compensation at $15 per week, but the period of disability and amount of compensation, other than the weekly rate, were left undetermined.

On August 4, 1936, the claimant filed a petition for review of the settlement, asserting that he received partial permanent disability as a result of his injury and praying that he be awarded compensation for such permanent disability. To this petition an answer was filed, which admitted the injury on November 15, 1934, asserted the memorandum of agreement, the payment of compensation in the amount of $285 pursuant thereto, and that such payment fully compensated claimant for all disability suffered on account of the injury. A hearing was had before the deputy industrial commissioner on November 5, 1936. Both parties were represented by counsel and introduced testimony. The matter was fully submitted

and on November 9, 1936, the deputy, acting as the commissioner, filed a review decision determining that the claimant's temporary disability did not extend for a longer period than that for which he had been paid compensation by the defendants and that his partial permanent disability amounted to 15 percent loss of use of his left leg, which entitled him to additional compensation in the amount of $165. Neither party appealed. The additional compensation was paid and the award satisfied.

On July 17, 1937, claimant filed a petition for review of the award of November 9, 1936. Answer was filed, a hearing was had, both parties were represented by counsel and introduced evidence. The matter being finally submitted, on November 18, 1937, the deputy, acting as the commissioner, made a decision determining that the claimant failed to prove a change of condition since the earlier adjudication which would entitle him to additional compensation. Accordingly, recovery was denied.

On November 27, 1937, the claimant filed a petition for rehearing for the purpose of making further argument and presenting further authorities to correct the ruling filed November 18, 1937. To this petition for rehearing, a resistance was filed asserting that there was no authority for such proceeding, and that the claimant was without right or authority to have a rehearing. On December 7, 1937, the industrial commissioner granted the rehearing and ordered a transcript of the evidence. The application for rehearing was amended and the resistance thereto was amended. No additional evidence was introduced and, on December 29, 1937, the commissioner filed a decision and award on rehearing. This decision set aside the decision of November 9, 1936, and the decision of November 18, 1937, on the theory that neither was an adjudication, awarded compensation on the basis of temporary disability existing from October 31, 1935, to April 8, 1937, credited the defendants with the amount of compensation previously paid and award claimant an additional sum of $664.28.

Appeal was taken to the district court by the defendants. The court entered judgment on May 20, 1938, determining that the decision of November 9, 1936, was res adjudicata, and that the industrial commissioner had no power or juridsiction to set the same aside, but sustaining the commissioner's granting of a rehearing as to the decision of November 18, 1937, sustaining his finding that the claimant was temporarily disabled from November 19, 1936, to April 8, 1937, and awarding claimant compensation in the amount of $150 in addition to that previously paid to him. From such judgment both parties appeal to this court.

■ I. The first proposition to be decided is whether the district court was correct in holding that the decision of November 9, 1936, was res adjudicata and that the commissioner was without jurisdiction or authority to set it aside. This question has not been decided heretofore by us. We are of the opinion that the court was right and its judgment should be affirmed on this proposition.

In most of the states, the jurisdiction of the commissioner to modify an award for compensation because of the condition of the employee, by express statutory provision, is dependent upon a showing of a change in the condition of the claimant subsequent to the making of the award. Such states include Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maine, Missouri, Nebraska, Nevada, New Jersey, New Mexico, New York, Oklahoma, Rhode Island, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Vermont, and Washington.

In Iowa, a right of appeal from an award of the commissioner to the district court is provided by section 1449 of the Code, 1935. Soukup v. Shores Co., 222 Iowa 272, 268 N. W. 598. In addition thereto, either party may secure a modification or reopening of a settlement or award by the industrial commissioner, pursuant to section 1457 of the Code, 1935, which provides as follows:

"Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner at the request of the employer or of the employee at any time within five years from the date of the last payment of compensation made under such award or agreement, and if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon."

The two petitions for review, filed herein, were filed pursuant to the statute above quoted. The question is whether, upon the second hearing before the deputy commissioner, acting as commissioner, pursuant to section 1425 of the Code, 1935, he was bound by the decision of November 9, 1936, and could modify such award only in the event that the evidence showed a change of condition in the claimant, since such award, that would justify a modification of the award then made. In view of the fact that the statutes of 31 states expressly so provide, it would seem that the legislature must have intended by the clause, "if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded", that the modification of the award would depend upon a change in the condition of the employee since the award was made. The commissioner's interpretation of this statute, as granting him jurisdiction and authority to re-litigate and re-determine all questions previously decided, appears to be without support. This is quite apparent when we examine the decisions of jurisdictions having indefinite statutes analogous to our own.

The Utah statute, Rev. St. 1933, 42-1-72, provides:

"The powers and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings, or orders with respect thereto, as in its opinion may be justified."

In construing this statute, the Utah court has repeatedly

held that the commission may not resume jurisdiction of a case regularly determined without some change or new development in the injury complained of not known to the parties when the former award was made. Salt Lake City v. Industrial Comm., 61 Utah 514, 215 P. 1047; Brklacic v. Industrial Comm., 63 Utah 582, 227 P. 1036; Hartford Accident & Ind. Co. v. Miller, 68 Utah 71, 249 P. 249; Aetna Life Ins. Co. v. Industrial Comm., 69 Utah 102, 252 P. 567. In the case of Salt Lake City v. Industrial Comm., supra [61 Utah 514, 215 P. 1048], the reason for the rule is stated as follows, "any other interpretation would invite endless litigation in this class of cases."

The Ohio statute is identical with the Utah statute. It has been construed as authorizing a modification of an award based upon conditions arising subsequent to the award. Industrial Comm. v. Monroe, 27 Ohio App. 169, 161 N. E. 31. But an award is an adjudication as to all matters then determined. Industrial Comm. v. Lucas, 39 Ohio App. 141, 177 N. E. 283.

The West Virginia statute is identical with the Utah statute. In the case of Nichols v. State Comp. Com'r., 111 W. Va. 34, 160 S. E. 854, 855, the court states:

"While it is true that the commissioner has continuing jurisdiction in these matters, Code 1931, 23-4-16, it does not follow that the commissioner has authority under the statute, months after a final decision, to reopen and reconsider a case on facts the same or substantially the same as those considered by him on the original hearing. There must be an end of these matters."

In the case of Bell v. State Comp. Com'r., 113 W. Va. 571, 169 S. E. 162, the court states:

"It is well settled under our decisions that before Bell can require the commissioner to re-open his claim he must furnish substantial proof of an aggravated condition of the old injury not taken into account in the former findings, or a new claim growing out of the injury. [State ex rel.] Murasky v. Compensation Commissioner, 109 W. Va. 218, 153 S. E. 509; Nichols

v. Compensation Commissioner, 111 W. Va. 34, 160 S. E. 854; Burdette v. Compensation Commissioner, 111 W. Va. 299, 161 S. E. 556; Myers v. Compensation Commissioner (page 316 this volume) 167 S. E. 740.''

The Michigan statute is analogous to our own. It provides:

''Any weekly payment under this act may be reviewed by the industrial accident board or by any member or deputy member thereof, at the request of the employer, or insurance company carrying such risk, or the commissioner of insurance, as the case may be, or the employee, and on such review it may be ended, diminished or increased, subject to the maximum and minimum amounts above provided, if the board or member or deputy member finds that the facts warrant such action.'' 2 Compiled Laws, Mich. 1929, section 8453.

In construing this statute, the court states, in Lakso v. Monro Min. Co., 243 Mich. 261, 263, 220 N. W. 728, 729, as follows:

''As no appeal was taken from the order of the deputy commissioner filed on the 7th of February, 1924, it constitutes a final determination of the plaintiff's right to compensation of that date.''

In the case of Peet v. City Bakery Co., 238 Mich. 431, 213 N. W. 692, the court states:

''The law is practically unquestioned that if there is no substantial change in plaintiff's condition, then, under the decisions of this court, the commission was without jurisdiction to reopen the previous award and change the order of September 25, 1923. Estate of Beckwith v. Spooner, 183 Mich. 323, 149 N. W. 971, Ann. Cas. 1916E, 886; Pocs v. Buick Motor Co., 207 Mich. 591, 175 N. W. 125; Diebel v. Construction Co., 207 Mich. 618, 175 N. W. 126; Jones v. Iron Works, 212 Mich. 174, 180 N. W. 374; Burley v. Central Paper Co., 221 Mich. 595, 192 N. W. 538; Washburn v. Jackson & Tindle, 229 Mich. 644, 202 N. W. 926; 2 Comp. Laws 1915, §5467.''

Other decisions could be cited and quoted from. We do not think it is necessary or desirable. The foregoing, in our judgment, clearly show that the rule is well established in other jurisdictions in accord with the judgment of the district court herein appealed from, and demonstrate that, under the Iowa statute, the same rule should be applied.

Section 1457 contains no provision for a re-examination of matters adjudicated by an award which is subject to review under it. It merely provides that "if on such review the commissioner finds the condition of the employee warrants such action, he may end, diminish, or increase the compensation so awarded or agreed upon." It seems to us that this language is subject to but one interpretation, namely, that the decision on review depends upon the condition of the employee, which is found to exist subsequent to the date of the award being reviewed. We can find no basis for interpreting this language as meaning that the commissioner is to re-determine the condition of the employee which was adjudicated by the former award.

We are also of the opinion that a contrary view would tend to defeat the intention of the legislature, which was recognized by this court in the case of Flint v. City of Eldon, 191 Iowa 845, 847, 183 N. W. 344, 345, by the following language, to wit:

"The purpose, intent, and scheme of workmen's compensation legislation is well understood, and its historical significance has been frequently expressed in decisions. The fundamental reason for the enactment of this legislation is to avoid litigation, lessen the expense incident thereto, minimize appeals, and afford an efficient and speedy tribunal to determine and award compensation under the terms of this act."

To hold that, during the five-year period following an award, there can be no final adjudication with respect to the facts, would render it impossible to afford a speedy and efficient determination of any controversy under the Workmen's Compensation Law. Such a holding would defeat one of the basic

purposes of the law. It should not be adopted unless the legislature leaves us no other alternative. We do not think that the language of section 1457 requires any such interpretation. The interpretation of the district court, to the effect that the commissioner was without jurisdiction or power to interfere with, disturb or relitigate the matter adjudicated by the decision of November 9, 1936, must be affirmed.

■ II. On the question whether or not the industrial commissioner had jurisdiction to entertain a rehearing in reference to the decision of his deputy made on November 18, 1937, we are of the opinion that both the commissioner and the district court were in error in sustaining such jurisdiction on the part of the commissioner. There is no statutory authority for any such procedure. In all of our cases, heretofore decided, we have held the industrial commissioner to proceedings authorized by statute. We are unwilling to depart from such holdings. We are also of the opinion that, to recognize jurisdiction in the commissioner to entertain rehearing proceedings, such as here attempted, is contrary to the intention of the legislature referred to in Flint v. City of Eldon, supra.

Where the parties do not agree and it is necessary to institute original proceedings to determine whether or not the claimant is entitled to compensation in any amount, the procedure is authorized by section 1437 of the Code, 1935. The proceedings are before a board of arbitration, the chairman of which is the commissioner, or his deputy. The other two members are appointed by the parties. The appointment of additional arbitrators may be waived. Section 1438. Ordinarily they are waived and arbitration proceedings, as a rule, are conducted by the deputy as sole arbitrator. Any party aggrieved by the decision or findings on arbitration may, within 10 days, petition the commissioner for a review, and, on such review, the case is tried de novo before the commissioner. Section 1447. Any party aggrieved by the decision on review may appeal to the district court within 30 days. Section 1449. The appeal to the district court must be from the decision on review; there is no appeal from an arbitration decision except

to the commissioner. Hampton v. Des Moines & Cent. Iowa Ry. Co., 217 Iowa 108, 250 N. W. 881. In the event of an appeal from a decision for modification on review of a settlement or award under section 1457, the appeal is also under section 1449 to the district court within 30 days from such decision. Soukup v. Shores Co., supra.

In this case, the petition for rehearing was not addressed to the deputy that heard the case, but to the commissioner. The purpose of the rehearing was not to correct any oversight or mistake, but to re-examine and re-litigate the issues which had been examined and determined by the deputy, acting as commissioner. To sustain the jurisdiction of the commissioner is to authorize him to apply the same procedure, in the event of review proceedings under section 1457, that is authorized by the legislature in arbitration proceedings under sections 1437 and 1447, and to inject the same intermediate appeal that is authorized by statute in arbitration cases. If we are to sustain the commissioner's holding under this record, then, in any subsequent case where the proceedings under section 1457 are heard by the deputy, the defeated party may file a petition for rehearing addressed to the commissioner and the commissioner may re-examine and re-litigate the matter de novo before an appeal can be taken to the district court.

To authorize such procedure without statutory authority is to violate one of the fundamental reasons for this legislation, recognized by us in Flint v. City of Eldon, supra, as being to "avoid litigation, lessen the expense incident thereto, minimize appeals, and afford an efficient and speedy tribunal to determine and award compensation under the terms of this act." Instead of avoiding litigation, we increase it by adding another appeal which the legislature neither contemplated nor authorized. Instead of lessening expense, we increase it. Instead of minimizing appeals, we add an intermediate appeal. Instead of affording speedy determination of controversies, we delay such determination by injecting a new trial de novo before the commissioner. The legislature expressed no intention that such should be the procedure. If the procedure is

to be had, the legislature should provide it. We should not inject it by judicial construction. Particularly is this so where, to so construe the act, is to tend to defeat one of the primary purposes for its enactment. When the commissioner delegated to his deputy the powers of his office to hear the case, he vested him with all the powers of his office. He could not attach, as a condition, that the decision of the deputy be subject to re-examination and re-determination through a rehearing by the commissioner.

We do not pass upon the authority of the commissioner to correct an obvious mistake in one of his own decisions, similar to the entry of an order nunc pro tunc by the district court. No such question is presented here. What we do hold is that the commissioner cannot delegate to his deputy the power of his office to hear and determine a review under section 1457, and thereafter assume jurisdiction to re-examine and re-determine the questions decided by the deputy.

Claimant seeks to justify the action of the commissioner on the theory that the deputy's decision of November 18, 1937, was wholly insufficient to comply with the requirement of section 1448, that the commissioner state his findings of fact and conclusions of law. The deputy's decision was as follows:

"Upon the record made in reopening review proceeding November 5, 1937, the claimant has failed to prove that since the earlier adjudication of this case, there has been such change in his condition as to entitle him to additional compensation.

"Wherefore, recovery must be and is hereby denied and the costs of the hearing are taxed to the claimant except the reporter's charge which the defendants are ordered to pay."

As pointed out in division I of this opinion, the claimant was required to show a change of condition since the first award which would entitle him to additional compensation. The deputy found that he failed to sustain such burden. Section 1441 of the Code provides that technical and formal rules of procedure shall not apply to such proceedings as this. We hold that the

findings of fact and conclusions of law were sufficient to determine the controversy.

By reason of the foregoing, the judgment is affirmed on claimant's appeal, reversed on defendants' appeal and the cause is remanded with instructions that the court enter judgment for the defendants and for costs.—Affirmed on claimant's appeal; reversed on defendants' appeal.

HAMILTON, C. J., and MITCHELL, STIGER, HALE, and BLISS, JJ., concur.

RICHARDS and SAGER, JJ., dissent.

RICHARDS, J. (dissenting)—The underlying facts do not appear in the majority opinion. They are the following: The injury was to claimant's left knee. It was caused by an accidental hammer blow while he was laying tracks. On January 13, 1937, Dr. Arthur Steindler of the State University Hospital performed upon the knee a surgical operation. On April 8, 1937, Dr. Steindler discharged claimant from further treatment. By reason of the operation there had been complete recovery from the injury. Claimant has ever since been able to work, free from any impairment of the normal functions of the knee. Proof of these facts constituted the salient portion of the showing made at the hearing held November 5, 1937, in support of claimant's contention that the injury had not been a permanent one barring him from compensation for temporary disability, as the deputy commissioner had mistakenly decided on November 9, 1936. These undisputed facts established what was the condition of claimant. That condition necessitated a finding of fact that the injury had not been a permanent one, and as to this the majority raises no question. Nevertheless they approve the deputy commissioner's ignoring of the facts and refusal to make that finding. In according this approval the majority, as its first step, writes into section 1457, Code 1935, (figuratively, of course, but as effectively as though we were the legislative branch of government) the words ''a change in the condition of the employee'',

where the legislature reposed the words, "the condition of the employee". Not only in itself is this clear invasion of the province of the legislature deserving of forthright criticism, but what the majority offers as its justification strengthens the impression that the whole proposition has for some reason failed of careful consideration. The justification is substantially this: (1) The Workmen's Compensation Law of Iowa provides that if on reviewing an award the commissioner finds the *condition* of the employee warrants, he may do certain things; (2) the Workmen's Compensation Laws of many other states provide that on reviewing an award the commissioner may do certain things upon a showing of a *change in the condition* of the employee subsequently to the making of the award; (3) therefore, says the majority, the legislature of Iowa must have intended to use the same words that appear in the acts of the many other legislatures. In so casual a manner that it approaches the whimsical the majority thus discards the wholly reasonable probabilities that the Iowa legislature may have had a mind of its own, may have deliberately chosen to accord a liberality of administration of our law that is not found in many states of differing industrial activity, or may have followed, if our legislators were such followers as the majority believes, the statutes of some of the states referred to in the majority opinion as being analogous to the law our legislature adopted. The legislative history of the act, if in the record, might readily establish as verities the two first-mentioned probabilities. If there are any sustaining authorities, they have not been cited. In short, the majority pronouncement that amounts to a rewriting of section 1457 should be withdrawn. There then would be no foundation for the second step the majority takes in reaching its decision, that is, the assertion that without subsequent *change* in condition of the employee the commissioner cannot review an award no matter how erroneous nor what the wrong done. The case, then decided on the law as it was enacted, would result in a reversal on appellant's appeal and an affirmance on appellees'. I am content to rest this phase of the controversy on the foregoing without discussing whether,

1044

even had the words "change of condition" appeared in the statute, it could be held that such a change was not shown in this case, without violence to several provisions in and to the very genius of the act as an entirety.

Adverting to the second division of the majority opinion. The matters heard on November 5, 1937, were decided on November 18, 1937. Nine days later claimant filed what he termed a petition for rehearing on the decision, and thereto appellees filed a resistance. There was a hearing on the resistance and the petition and thereat, on December 7, 1937, the commissioner entered an order that there be a rehearing. On a later date the parties appeared and the rehearing was had and a decision thereon made on December 29, 1937. The majority holds the commissioner was without authority to make the order of December 7, 1937, that there be a rehearing. Whether claimant had a statutory right to demand a rehearing, the question discussed by the majority as though on existence of that right depended the authority to make the order of December 7, 1937, has nothing to do with this appeal. The reason is this: The so-called petition for rehearing directed the commissioner's attention to the fact that in entering the order of November 18, 1937, the deputy commissioner had failed on his part to comply with mandatory statutes governing the making of a commissioner's decision. The decision contained no findings of fact required by section 1448, Code 1935. Conclusions of law required by the same section do not appear unless possibly inferentially. In view of this situation the commissioner stated in his order of December 7, 1937, that the decision of November 18, 1937, "was not clear as perhaps it should have been and there is doubt whether or not the form of the decision in failing to set out the finding of facts and conclusions of law applicable thereto." The order also stated that if the deputy committed error, "it would seem that the petition for rehearing should be granted." The rehearing was ordered by the commissioner in order that he might enable himself to obey mandatory law, and clearly not to accord to claimant a right thereto. It follows that the sole question here is whether the commis-

sioner had authority on his own motion for the purpose stated to order that there be a rehearing. We have stated the rule as being this:

"The industrial commissioner possesses such powers as are expressly granted, together with those arising from implications because necessary to the full exercise of the granted powers." Comingore v. Shenandoah Ice, etc., Co., 208 Iowa 430, 434, 226 N. W. 124, 126.

In the cited case an application was made that the commissioner order termination of compensation payments upon a memorandum agreement that the commissioner had approved several years before. The commissioner assumed jurisdiction, construed the agreement as meaning what the statute intended it should rather than what it stated. As to the jurisdictional question that was urged as a defense we held that the commissioner did not act without jurisdiction in making a finality of the dispute. The opinion contains this:

"As said in Aetna Life Ins. Co. v. Shively, supra [75 Ind. App. 620, 121 N. E. 50], the industrial commissioner undoubtedly has the right and power to correct any mistakes which he has made while acting in his official capacity."

In Forbes v. Ottumwa Sand Co., 216 Iowa 292, 296, 249 N. W. 399, 400, we held that a commissioner's order of approval of a memorandum of settlement invalid on its face was equally invalid, and that the logical result of such situation would be to regard the case as still pending and undisposed of by the commissioner. In the language of the opinion:

"An invalid order could not operate as a bar to a valid one. The final order entered by the commissioner did no more than to correct the invalid one."

The invalidity lay in the weekly payments approved being less than the statute prescribed. In these cases the official who administers the law had come short of meeting its requirements, and therein we laid down the general principle that when the

commissioner has made an order invalid on its face the case must be regarded as still pending for the purposes of correction. In the cases cited the commissioner had not observed with accuracy the statutory fixation of the compensation awardable. In the instant case a mandatory statute required the making and setting out of findings of fact and conclusions of law. The order on its face showed the statute had not been obeyed. That omission was an invalidity in the same sense and on the same basis that invalidity appeared in the cited cases, that is, a statutory provision essential to effecting the purposes of the act had not been observed. The failure in this case practically nullified the provisions relating to appeals to the district court. The cited cases appear to be controlling and to compel the conclusion that the commissioner acted within his authority when on December 7, 1937, he ordered that there be a rehearing. The attitude of the majority is that the case before us is immune, and that the principle laid down in the cited cases must not be applied, because the person who made the decision of November 18, 1937, happened to be the deputy commissioner rather than the commissioner. The immunity is effected through a pronouncement that the commissioner cannot re-examine and re-determine questions decided by his deputy in a hearing the commissioner has directed the deputy to hold. This is unsound, for regardless of personnel, the decision was the commissioner's decision. The parties so concede. We cannot arbitrarily say he could not review his own decision. Being a commissioner's decision he of course had the primary control. The majority's pronouncement would take away from the commissioner the powers the legislature conferred, and leave it nowhere unless in the deputy. If in him, the deputy's powers would transcend his principal's.

I respectfully dissent from the entire opinion.