MALONE *v.* DETROIT UNITED RAILWAY.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PERSONAL INJURIES—"OUT OF" EMPLOYMENT.

To entitle a claimant to compensation under the workmen's compensation law, it must be shown that the causative danger was peculiar to the work, and not common to the neighborhood; that it was incidental to the character of the business, and not independent of the relation of master and servant; that it need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.

2. SAME.

Testimony by claimant, an employee of a street railway company, a common laborer, a member of the night gang

See notes in L. R. A. 1916A, 23; L. R. A. 1917D, 80.

engaged in its track laying department, that, while sitting on the curb during a temporary delay, waiting for the work to begin again, he was injured by a passing delivery wagon striking the boom of a concrete breaker, throwing it over so that he "got caught," breaking his leg, *held*, sufficient to support a finding that the injury arose out of his employment.

3. SAME—FINDING OF FACT—CONCLUSIVENESS.
Although claimant's testimony was unsupported, and was contradicted by three disinterested witnesses, the industrial accident board, under the statute, are the final arbiters of questions of fact, and a finding by them in accordance with claimant's contention is sufficient to support an award.

Certiorari to Industrial Accident Board. Submitted April 24, 1918. (Docket No. 112.) Decided June 3, 1918.

Mike Malone presented his claim for compensation against the Detroit United Railway for injuries received in defendant's employ. From an order awarding compensation, defendant brings certiorari. Affirmed.

*Corliss, Leete & Moody* (*Thomas T. Leete, Jr.,* of counsel), for appellant.

*Paul P. Colombo* (*John F. Kennedy,* of counsel), for appellee.

Certiorari to the industrial accident board. Claimant, a common laborer 34 years of age, was an employee of the respondent, the Detroit United Railway, in its track laying department. At the time of the injury respondent was engaged in preparing the way for a new track on Milwaukee ave. east, in the city of Detroit. The street being paved, respondent employed a heavy machine known as a concrete crusher with which to break up the concrete under the pavement. This machine moved forward upon a tempo-

rary track. Having gone forward a short distance, the laborers, of whom claimant was one, would pick up the rails in the rear of the machine and place them in front of it so that the machine could again go forward. Claimant was a member of the night gang and reported for duty at 6 o'clock in the evening. He worked about half an hour, at which time the track in front of the machine was prepared for a forward movement. The operator of the machine did not appear, however, and claimant and his associates walked, stood, or sat about in the vicinity until nearly 8:30 in the evening. At about that time two of the companions of claimant left him to get some tobacco at a nearby store. While they were absent claimant either sat down upon the curb immediately opposite the concrete breaker, which was in the middle of the street, or lay down upon the space between the curb and the sidewalk, which was about three feet wide. Claimant testified that while he was sitting upon the curb, smoking, a delivery wagon approached; that he shouted three times to the driver to stop but that his warning was disregarded; that in coming on the wagon bumped against the boom of the concrete breaker and towards him; that he "lifted up one leg and the other one naturally got caught."

Plaintiff's version of the accident was flatly contradicted by three witnesses, two of whom were sitting upon a porch about 20 feet or 30 feet distant from the scene of the accident. They testified that claimant was stretched at full length upon his face on the ground between the curb and the sidewalk, apparently asleep and that he gave no warning to the approaching driver and made no sound until after his injury. The driver of the wagon was sworn and corroborated this testimony as to the warning. As a result of the accident claimant suffered a Pott's fracture of the left leg.

A committee on arbitration awarded compensation, which award was affirmed by the full board. The decision of the board is reviewed in this court upon one point only, viz.: The injury sustained by claimant did not arise out of and in the course of his employment.

BROOKE, J. (*after stating the facts*). We have held, *Tarpper* v. *Weston-Mott Co.*, 200 Mich. 275, that to entitle a claimant to compensation for an injury arising "out of" his employment it must be shown that:

"The causative danger must be peculiar to the work, and not common to the neighborhood. It must be incidental to the character of the business, and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

Applying this rule to the facts as testified to by claimant, it is the conclusion of my Brethren (with which I with much difficulty agree) that it can be said that the claimant's injury arose "out of" his employment.

Disposing of the question of fact, the board said:

"The applicant, it seems, was sitting on the curb and thought that the wagon could drive through between him and the machine without striking him. Possibly he ought to have gotten up and gotten out of the way. However, he was there on duty, and was only sitting still at the time owing to the exigencies of the work. He had a right to sit still until some other operative moved the machine so he could work. He had not gone away from the point of his labor. The board does not think he was asleep, lying with his feet in the street."

Counsel for appellant asserts that this finding is not a finding of fact concluding the question, but even if true does not warrant a recovery by claimant under the circumstances. The finding, if warranted, was

certainly sufficient to support the award, and, while three disinterested witnesses contradict the claimant, and his evidence was unsupported by any other testimony in the record, we cannot disturb the award because the great weight of the evidence is against the finding of fact upon which it is based. Argument upon this phase of a case must always be addressed to the board themselves, who under the statute are made final arbiters thereof. Some recent cases involving the question here involved follow: *Purdy* v. *City of Sault Ste. Marie*, 188 Mich. 573; *Papinaw* v. *Railway Co.*, 189 Mich. 441; *Kunze* v. *Detroit Shade Tree Co.*, 192 Mich. 435; *Haller* v. *City of Lansing*, 195 Mich. 753; and *Porritt* v. *Railway*, 199 Mich. 200.

The award is affirmed.

OSTRANDER, C. J., and MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred. BIRD, J., did not sit.