JONES *v.* GEORGE R. COOKE CO.

1. MARRIAGE—HUSBAND AND WIFE.

Husband may not enter into valid marriage contract with another woman without being legally divorced from his wife, who is still living.

2. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DEPENDENTS.

Woman with whom husband went through form of marriage ceremony while his legal wife was still living is not entitled to compensation as widow under workmen's compensation act, although at time of his accidental death she was living with him as his wife.

3. SAME—DESERTED WIFE ENTITLED TO COMPENSATION.

Deserted wife, who continued to support her family with her earnings supplemented by sums sent her at remote times by her husband, is entitled to compensation under workmen's compensation act as wife living apart from husband for justifiable reasons or because he deserted her, in absence of proof that she was in any way at fault, or that she contributed to, condoned, or assented to husband's misconduct in leaving her and going through form of marriage ceremony with another woman.

---

As to when are husband and wife living together within meaning of workmen's compensation act, see annotation in L. R. A. 1916A, 370.

· As to whether wife living apart from husband is a dependent, see annotation in 13 A. L. R. 710; 30 A. L. R. 1268; 35 A. L. R. 1075; 39 A. L. R. 319; 53 A. L. R. 226.

4. SAME—FINDINGS OF DEPARTMENT FINAL IN ABSENCE OF FRAUD.
    In absence of fraud, findings of department of labor and in-
    dustry justified by testimony are conclusive and final.

Certiorari to Department of Labor and Industry.
Submitted April 16, 1930. (Docket No. 127, Calen-
dar No. 34,842.) Decided June 2, 1930.

Lestee Jones and Ana Forbes Jones, each claim-
ing to be widow of Albert Jones, presented their
claim for compensation against George R. Cooke
Company, and Ætna Life Insurance Company, in-
surer, for the accidental death of Albert Jones.
From an order awarding compensation to Ana
Forbes Jones, plaintiff Lestee Jones and defendants
bring certiorari. Affirmed.

*Chas. C. Benjamin,* for plaintiff Lestee Jones.

*Frank B. Stow,* for plaintiff Ana Forbes Jones.

*Kerr, Lacey & Scroggie,* for defendants.

BUTZEL, J. Albert Jones died from injuries sus-
tained while in the employ of George R. Cooke Com-
pany, which was insured by the Ætna Life Insur-
ance Company. Both companies, as defendants,
have appealed from a compensation award allowed
Ana Forbes Jones as the widow of decedent, by the
department of labor and industry. Lestee Jones,
another appellant and also a plaintiff, claims that
she is the real widow, and that the award should
have been made to her. The defendants assert that
Lestee Jones could not be the legal widow, as there
was no evidence of any legal divorce from Ana
Forbes Jones, decedent's first wife; and further,
that Ana Forbes Jones is not entitled to compensa-
tion because she was not living with decedent at the

time of his death, and because, as they claim, she was not living apart for justifiable cause or because decedent had deserted her. Decedent and Lestee Jones married in 1923, and were living together as husband and wife at the time of his death. There is no testimony to show that he was ever legally divorced from Ana Forbes Jones, whom he had legally married on July 17, 1903, in the State of Alabama, where three children were born to them. It is undisputed that at that time he went under the name of Columbus Cox. They subsequently moved to Chattanooga, Tennessee, where decedent changed his name to Albert Jones. He and Ana Forbes Jones lived together for approximately 13 years, when he went to Ohio. Two months after leaving his wife, the youngest child, Willie B. Jones, was born, at Chattanooga. There is testimony that, without securing a divorce from Ana, decedent subsequently married one Alice Richardson; also, that he was married to a woman by the name of Janie Jones, for a divorce decree from Janie Jones, granted by the circuit court of Talledega, Alabama, on August 17, 1923, was found among decedent's effects. There is absolutely no testimony that Ana Forbes Jones ever went under the name of Janie, nor that she ever knew about this divorce, but, on the contrary, the evidence shows that she never was known as Janie, and that she never heard of the divorce proceedings. Decedent's marriage to Lestee Jones was null and void, for, without being legally divorced from Ana Forbes Jones, decedent could not enter into a valid marriage contract with another woman.

The only other question is whether Ana Forbes Jones is entitled to compensation as a wife who at the time of her husband's death was living apart from her husband for justifiable cause or because he

had deserted her. There is absolutely no testimony that would indicate that she lived apart from her husband of her own volition or that she was responsible for the separation. There is proof that decedent sent money to her from time to time; wrote to her; never informed her that he was married again; expressed the hope that he would be with her again. The fact that she made no complaint or sought a divorce, but continued to support the family with her earnings supplemented by the sums her husband sent her at remote intervals, in no way defeats her right to compensation. Neither is there any showing of any fault of any kind on her part, nor is it shown that she in any way contributed to, condoned, or assented to decedent's misconduct. Notwithstanding the fact that many of the witnesses who appeared in the case were ignorant and illiterate, there is ample testimony to justify the department of labor and industry in finding in favor of Ana Forbes Jones, the widow, and her minor child, Willie B. Jones, share and share alike. Such being the case, the findings of fact of the department of labor and industry, in the absence of fraud, are conclusive and final. *Peet* v. *City Bakery Co.*, 238 Mich. 431; *Raynor* v. *Sligh Furniture Co.*, 180 Mich. 168 (L. R. A. 1916 A, 22, Ann. Cas. 1916 A, 386); *Spooner* v. *Detroit Saturday Night Co.*, 187 Mich. 125 (L. R. A. 1916 A, 17); *Cramer* v. *West Bay City Sugar Co.*, 201 Mich. 500; *Malone* v. *Detroit United Railway*, 202 Mich. 136; *Doherty* v. *Grosse Isle Twp.*, 205 Mich. 592; *Shaffer* v. *D'Arcy Spring Co.*, 206 Mich. 483; *Cosendai* v. *Piggott Bros.*, 231 Mich. 544.

The award is affirmed, with costs to plaintiff Ana Forbes Jones.

WIEST, C. J., and CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.