DOERTCH *v.* FOLWELL ENGINEERING CO.

1. MARRIAGE—CEREMONIAL MARRIAGE PRESUMED LEGAL—PRESUMPTION REBUTTABLE.

   Law presumes validity of ceremonial marriage in absence of evidence to contrary.

2. SAME—VALID MARRIAGE PRESUMED TO CONTINUE FOR LIFE OF PARTIES—PRESUMPTION REBUTTABLE.

   In civil actions, law presumes that valid marriage, once shown to exist, continues in force both as to life of parties, within statutory seven-year period, and the want of divorce, but said presumption is rebuttable by evidence to contrary.

3. SAME—LATER CEREMONIAL MARRIAGE PRESUMED VALID OVER FORMER MARRIAGE.

   Where validity of subsequent marriage as against former marriage rests wholly on presumptions of law, presumption favoring legality of later marriage, if it were ceremonial, will prevail over that favoring continuance in force of prior marriage.

4. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—HUSBAND AND WIFE—LIVING TOGETHER—DEPENDENTS.

   Where evidence justified finding of department of labor and industry that separation of deceased employee and his wife was temporary, they were living together, and she was entitled to compensation as dependent under workmen's compensation act.

5. SAME—VALIDITY OF MARRIAGE.

   Evidence of ceremonial marriage between deceased employee and claimant justified department of labor and industry in awarding her compensation as wife, although there was evidence of her prior marriage to another and no evidence that it had been legally dissolved, since presumption that later marriage was valid prevails.

Certiorari to Department of Labor and Industry. Submitted October 23, 1930. (Docket No. 137, Calendar No. 35,101.) Decided December 2, 1930.

Presumption of validity of marriage flowing from marriage ceremony, see annotation in 16 L. R. A. (N. S.) 98; 34 L. R. A. (N. S.) 940; L. R. A. 1915E, 186; 34 A. L. R. 464.

Minnie Doertch presented her claim for compensation against the Folwell Engineering Company for the death of John Doertch while in defendant's employ. From an order awarding compensation, defendant and insurer, General Accident, Fire and Life Assurance Corporation, Limited, bring certiorari. Affirmed.

*Ballard & Hubbard* and *Sam Street Hughes,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

FEAD, J.  John Doertch was accidentally killed April 12, 1929, while in the employ of defendant Folwell Engineering Company, at Lansing. The question is whether the department of labor and industry was justified in awarding plaintiff compensation as Doertch's wife.

Plaintiff was married to W. G. McLaughlin in Alabama in 1918, and lived with him until 1924, when he left the State. She said he wrote her from Cincinnati later that he had married again. She has not seen him since. On April 14, 1927, she married Doertch in Alabama, under license and by ceremony, and lived with him in that State until March, 1929, when he came north to Cincinnati and then to Lansing. The evidence justified the department in holding that the separation was temporary, the parties were living together and she was dependent upon him for support.

The official records at Cincinnati disclosed no divorce proceeding between plaintiff and McLaughlin. No other showing regarding divorce was made. McLaughlin was wholly unaccounted for from the time he left Alabama in 1924, except for the letter from Cincinnati, the date of which was not shown.

The law presumes the validity of a ceremonial marriage. It is said this presumption is one of the strongest known to the law. It is founded not only on a presumption of innocence of the crime of bigamy on the part of the contracting parties and on the regularity of the acts of licensing and offi‑ ciating officers but has a basis in the public policy to foster respectability and to protect offspring from the taint of illegitimacy. In civil actions, the law also presumes that a valid marriage, once shown to exist, continues in force both as to life of the parties, within the statutory seven-year period, and the want of their divorce. We are not here concerned with the rule in criminal cases.

These presumptions, like most others, are not conclusive. They may be rebutted by a showing of facts or circumstances which either may establish the validity or invalidity of the marriage conclusively or raise an issue to be determined upon preponderance of the evidence. Where, however, the validity of a subsequent as against a former marriage rests wholly on presumptions of law, the presumption favoring legality of the later marriage, if it were ceremonial, will prevail over the one which favors a continuance in force of the prior marriage. *Dixon* v. *People,* 18 Mich. 84; *Wagoner* v. *Wagoner,* 128 Mich. 635; *Killackey* v. *Killackey,* 156 Mich. 127; *May* v. *Meade,* 236 Mich. 109; 34 A. L. R. 464.

Here, the three-year period, during which McLaughlin was wholly unaccounted for, was ample to permit his death or divorce and the testimony did not establish, directly or by inference, the fact of his personal or marital status at the time of the marriage of plaintiff and Doertch. The case rested upon the balancing of the presumptions of law and the department properly held that the presumption

validating the second marriage was dominant. The other points need no discussion.

Award affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.