WATTS *v.* GENERAL MOTORS CORPORATION.

1. MARRIAGE—VALIDITY OF COMMON-LAW MARRIAGE—LEGAL CAPACITY OF PARTIES.

The validity of a common-law marriage of parties, each of whom had been married before, depends upon the legal capacity of each of them to contract such a marriage.

2. SAME—COMMON-LAW MARRIAGE—PRESUMPTIONS.

Once it is established that a common-law marriage relation exists, every presumption should then be indulged in favor of the legality of a union thus shown in the same way and to the same extent as the law indulges in favor of a ceremonial marriage.

3. SAME—PRESUMPTION OF VALIDITY NOT CONCLUSIVE—EVIDENCE.

The presumption of legality that attaches to a second marriage arises because the law presumes morality and not immorality and every intendment is in favor of matrimony, but it is not a conclusive presumption and is capable of being overcome by such testimony as satisfies the mind of the trier of the facts.

4. SAME — COMMON-LAW    MARRIAGE — PRESUMPTIONS — EVIDENCE —STATUTES.

Where evidence clearly established existence of common-law marriage between deceased employee and plaintiff-appellant previous to common-law marriage claimed to have existed between deceased and plaintiff-appellee, the presumption of validity of the latter marriage is overcome by competent proof where marriage between deceased and plaintiff-appellant had not been dissolved in the meantime, since the alleged second marriage was void as contrary to statute (3 Comp. Laws 1929, § 12694).

5. WORKMEN'S COMPENSATION—DEPENDENCY—QUESTION FOR TRIER OF FACTS—COMMON-LAW MARRIAGE.

In proceeding to recover dependency compensation by two women, each claiming to be the widow of defendant's deceased

employee, where it appears department found deceased and plaintiff-appellant had not entered into a ceremonial marriage and could not have entered into a common-law marriage and found that he had entered into a valid common-law marriage with plaintiff-appellee, and such finding is erroneous where evidence established a valid common-law marriage between plaintiff-appellant and deceased, a question of fact to be determined by the department of labor and industry is presented as to whether plaintiff-appellant was entitled to an award of compensation as deceased's widow (Comp. Laws 1929, §§ 8422, 12694).

Per STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ.

6. MARRIAGE—CEREMONY—EVIDENCE.

A ceremonial marriage may be established by competent evidence of the ceremony other than the public record thereof, such as testimony of one of the contracting parties or eyewitnesses and the absence of a marriage certificate need not be explained.

7. WORKMEN'S COMPENSATION—MARRIAGE—EVIDENCE.

The department of labor and industry committed error as a matter of law in holding that a marriage was not consummated between deceased employee of defendant employer and plaintiff-appellant in proceeding to recover workmen's compensation, where the uncontradicted proof conclusively established such marriage.

Per NORTH, C. J., and STARR, BUTZEL, BUSHNELL, BOYLES, and REID, JJ.

Appeal from Department of Labor and Industry. Submitted January 5, 1944. (Docket No. 27, Calendar No. 42,470.) Decided April 4, 1944. Rehearing denied May 17, 1944.

Claims of Winifred Watts and Mabel Ruth Watts Jones, each as widow of Senica Watts, against General Motors Corporation, a Delaware corporation (Fisher Body Detroit Division), for compensation because of his death. Award to Winifred Watts. Defendant and plaintiff Mabel Ruth Watts Jones appeal. Reversed and remanded for further proceedings.

*Knight & Panzer,* for plaintiff Mabel Ruth Watts Jones.

*Edgar A Beauchamp (Hugh Kenneth Davidson* and *Edwin C. Ide,* of counsel), for plaintiff Winifred Watts.

*Henry M. Hogan (Justin L. Schaffer* and *E. H. Reynolds,* of counsel), for defendant.

SHARPE, J. On March 24, 1942, Samuel Senica Watts sustained an accidental injury, arising out of and in the course of his employment with defendant General Motors Corporation, Fisher Body Detroit Division, which resulted in death on March 30, 1942.

Two "wives," Winifred Watts of Detroit and Mabel Ruth Watts Jones of Memphis, Tennessee, filed claims, each alleging to be the widow of the deceased. The department of labor and industry granted an award to Winifred Watts of Detroit, Michigan. Mabel Ruth Watts Jones and defendant company appeal.

The record indicates that deceased and Mabel Ruth lived together in Mississippi, Kentucky, Missouri, Alabama, and Tennessee from 1917 to 1923 when the deceased left her and later came to Detroit; and that about 18 months after the separation, Mabel Ruth, believing Watts to be dead, married her present husband, Mr. Jones.

During the month of June, 1930, deceased and Winifred began living together as husband and wife. At this time Winifred was married to one Samuel J. Morris. After Samuel J. Morris secured a divorce from Winifred and in 1933, Winifred and deceased again entered into a so-called common-law marriage. They lived together until the death of Mr. Watts.

It is the claim of Winifred Watts that she is the widow and dependent of deceased; that in 1933 she entered into a common-law marriage with Samuel Senica Watts; and that at the time she entered into the common-law marriage, she was eligible to enter into such a marriage and the presumption is that Mr. Watts was also eligible to enter into such a marriage.

It is the claim of Mabel Ruth Watts Jones that she entered into a ceremonial marriage with Mr. Watts in 1917 from which two children were born, one of whom is now living; that deceased left her in 1923 and about 18 months thereafter she married Mr. Jones; that she has sustained the burden of proof in showing her marriage to Mr. Watts; and that the facts show a common-law marriage to exist from 1917 to 1923.

Defendant General Motors Corporation urges that Mabel Ruth Watts Jones was the legal wife of decedent, but denies that she is a dependent within the meaning of 2 Comp. Laws 1929, § 8422 (Stat. Ann. § 17.156), the workmen's compensation law.

The department of labor and industry found:

"That the testimony of the claimant, Mabel Ruth Watts Jones, was not sufficient to justify a finding that she was the wife of the deceased, Samuel Senica Watts, and that her testimony in this regard was insufficient inasmuch as she claimed a ceremonial marriage and the best-evidence rule should prevail and a public record of said ceremony should be presented in evidence. * * *

"The record substantially proves a common-law marriage between claimant, Winifred Watts, and the said deceased and we so find that she is the widow of said deceased, Samuel Senica Watts, and entitled to compensation at the rate of $18 per week for total dependency for a period not to exceed 300 weeks from the date of the accident on March 24, 1942."

Claimant Mabel Ruth Watts Jones and defendant company each have filed separate appeals.

The common-law marriage of Winifred to Samuel Senica Watts in 1933 depends upon the legal capacity of each of the contracting parties. The record clearly shows that Winifred was eligible to enter into such a marriage; and the record also shows that deceased was married in 1917 to Mabel Ruth. The evidence is conclusive that Mabel Ruth and Watts entered into what might be termed a common-law marriage, lived together for a period of about six years and were the parents of two children.

In *Howard* v. *Kelly,* 111 Miss. 285 (71 South. 391, Ann. Cas. 1918 E, 1230), quoted with approval in *May* v. *Meade,* 236 Mich. 109, in speaking of a common-law marriage, the court said:

"We are persuaded that every presumption should then be indulged in favor of the legality of a union thus shown in the same way and to the same extent as the law indulges in favor of a ceremonial marriage."

In *Killackey* v. *Killackey* (syllabus), 156 Mich. 127, we held:

"In the absence of any evidence as to the date of a prior marriage, or as to the relation of the parties since such marriage, or as to the continuance or termination of such relations, the presumption of legality which attaches to a second marriage is held not to have been impeached."

See, also, *May* v. *Meade, supra.*

The "presumption of legality which attaches to a second marriage" as stated in the *Killackey Case, supra,* arises because the law presumes morality and not immorality, and every intendment is in favor of matrimony. But, as was said in *Colored Knights of Pythias* v. *Tucker,* 92 Miss. 501 (46 South. 51):

"It is universal law that the presumption in favor of the validity of a formal marriage is one of the strongest known to the law, because of its sacredness and public importance; * * * it is but a presumption of law, not conclusive, and therefore capable of being overcome by such testimony as satisfies the mind of the jury that there is no valid marriage."

In our opinion the evidence clearly establishes the common-law marriage of Mabel Ruth and deceased in 1917. The presumption of the legality of the second marriage is overcome by competent proof. It follows that the alleged common-law marriage of Winifred and deceased in 1933 was void as being contrary to 3 Comp. Laws 1929, § 12694 (Stat. Ann. § 25.5).

Whether Mabel Ruth Watts Jones is entitled to an award of compensation is governed by 2 Comp. Laws 1929, § 8422 (Stat. Ann. § 17.156), which provides:

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death the department of labor and industry shall find the wife was living apart for justifiable cause or because he had deserted her."

It is apparent that the department of labor and industry did not consider that Mabel Ruth and deceased could have entered into a common-law marriage. It concluded that Mabel Ruth and deceased had not entered into a ceremonial marriage and, therefore, it did not give due consideration to the fact that Mabel Ruth was the widow of Samuel Senica Watts as a result of a common-law marriage. Whether Mabel Ruth is entitled to an award for compensation by virtue of her common-law mar-

riage to deceased is a fact to be determined by the department of labor and industry.

The award is reversed and the cause remanded to the department of labor and industry for a determination of this fact. Plaintiff Mabel Ruth Watts Jones and defendant General Motors Corporation may have costs as against Winifred Watts.

STARR, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred with SHARPE, J. WIEST, J., concurred in the result.

NORTH, C. J. (*concurring*). I concur in the result reached by Mr. Justice SHARPE, but think the following should be noted.

The department's holding to the effect that a ceremonial marriage can be proven only by "a public record of said ceremony" is erroneous, at least as applied to civil cases. Instead it may be established by other competent evidence, such as the testimony of one of the contracting parties, et cetera.

"There is no rule of law making marriage records the best evidence in any case." *Proctor* v. *Bigelow,* 38 Mich. 282.

Numerous decisions of similar purport from other jurisdictions might be cited. We note only the following.

"The marriage of Simon and Demetria Garcia could be proved by oral testimony, and the general rule is that a ceremonial marriage may be proved by the testimony of eyewitnesses, without the production of a marriage certificate and without explaining its absence." *Lopez* v. *Missouri, K. & T. Ry.* (Tex. Civ. App.), 222 S. W. 695.

Also the department in the instant case was in error *as a matter of law* in holding that a marriage was not consummated between the deceased and Mabel Ruth Watts Jones, since the uncontradicted

proof conclusively establishes such marriage. See *People* v. *Loomis,* 106 Mich. 250.

The sole issue which necessitates remand for its determination is, as stated by Mr. JUSTICE SHARPE, whether Mabel Ruth Watts Jones is entitled under the statute (2 Comp. Laws 1929, § 8422 [Stat. Ann. § 17.156]) to compensation. The case is remanded for such determination, with costs of this appeal to Mabel Ruth Watts Jones and defendant against Winifred Watts.

STARR, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred with NORTH, C. J.