*In re* ADAMS ESTATE.

1. MARRIAGE—PRESUMPTION OF VALIDITY—EVIDENCE.

The presumption of validity of a second ceremonial marriage, attacked on the ground that one of the parties was married to another, is a very strong presumption that will prevail over other presumptions, such as one favoring continuance in force of the prior marriage, thereby protecting offspring of the second marriage from the taint of illegitimacy in the absence of clear and positive proof to the contrary.

2. SAME—SECOND CEREMONIAL MARRIAGE—PRESUMPTION OF VALIDITY —EVIDENCE.

The presumption of validity of a ceremonial marriage between deceased man and second wife who had borne him 2 children and claimed to be his widow *held*, not overcome by testimony of first wife who had borne him 1 child, it appearing that she knew of the second marriage and became acquainted with the second wife but raised no claim to her that she was not legally married until after death of the husband.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted October 12, 1960. (Docket No. 72, Calendar No. 48,461.) Decided March 1, 1961.

In the matter of the estate of James D. Adams, deceased, on a petition for determination of heirs, two wives, each by a ceremonial marriage, claim to be his widow. Circuit court reversed probate court finding and determined as heirs Corinne Adams, last wife, and deceased's children by both marriages.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 35 Am Jur, Marriage § 195.
Presumption as to validity of second marriage. 14 ALR2d 7.

First wife, Mollie Amason, and her son, J. D. Amason, Jr., appeal.    Affirmed.

*Meisner & Meisner* (*Ivan Meisner* and *Thomas L. Poindexter*, of counsel), for appellants Amason.

*Leithauser, Leithauser & Tobias* (*Robert C. Leithauser*, of counsel), for appellees Adams.

SOURIS, J.  As early in our jurisprudence as the case of *Dixon* v. *People*, 18 Mich 84, we have held that, where the validity of a marriage is attacked on the ground that one of the parties was married to another, a very strong presumption exists in favor of the validity of the second marriage, particularly where the second marriage was a ceremonial marriage and children were born during it. This case involves that presumption of validity of a second ceremonial marriage.

James Adams, who sometimes used the name Amason, died in August of 1956.  This dispute is between Mollie Amason and Corinne Adams, both of whom claim to be the widow of decedent.  The Wayne county probate court determined that Mollie Amason is the widow and that she and her son are the heirs-at-law of decedent.  On appeal to the Wayne circuit court the determination of the probate court was reversed and the court determined that Corinne Adams is the widow and that she, her 2 daughters, and Mollie Amason's son are the heirs-at-law.

Decedent married Mollie Amason in Texas in 1924.  One son was born of that marriage.  In 1927 the decedent left his wife and son.  They next saw him for part of a day in 1933 and did not again see him until 1955.  Twenty years earlier, however, decedent entered into a ceremonial marriage with Corinne Adams in Kentucky.  They eventually

moved to Detroit, and 2 daughters were born of that marriage.

Mollie Amason testified that to the best of her knowledge her husband had never attempted to procure a divorce from her; that she never had received or been served with any divorce papers; and that shortly before her husband's death, she started a suit for divorce in Texas, but that he died before entering an appearance in that case. The circuit court held that Mollie Amason's proofs were insufficient to rebut the presumption of validity of decedent's second ceremonial marriage to Corinne Adams. In support of his conclusion, the circuit judge noted that decedent and Mollie Amason separated after only 3 years of marriage and that 8 years elapsed between the time of this separation and decedent's second marriage, during which period his first wife made no effort to trace him. The circuit court also noted that the second marriage lasted 21 years, until decedent's death, and that during the last year of decedent's life, during which time both wives became acquainted, Mollie Amason made no claim to Corinne Adams that the latter was not legally married. The circuit judge also emphasized the fact that were he to rule other than as he did, the 2 daughters born to decedent and Corinne Adams would be illegitimate.

This Court follows the weight of authority throughout this country which holds that the presumption in favor of the validity of a ceremonial marriage will, in the absence of clear and positive proof to the contrary, prevail over other presumptions known to the law. See 14 ALR2d 7. In *Doertch* v. *Folwell Engineering Co.,* 252 Mich 76, this Court stated the law applicable to this type of case in the following language:

"The law presumes the validity of a ceremonial marriage. It is said this presumption is one of the strongest known to the law. It is founded not only on a presumption of innocence of the crime of bigamy on the part of the contracting parties and on the regularity of the acts of licensing and officiating officers but has a basis in the public policy to foster respectability and to protect offspring from the taint of illegitimacy. In civil actions, the law also presumes that a valid marriage, once shown to exist, continues in force both as to life of the parties, within the statutory 7-year period, and the want of their divorce. We are not here concerned with the rule in criminal cases.

"These presumptions, like most others, are not conclusive. They may be rebutted by a showing of facts or circumstances which either may establish the validity or invalidity of the marriage conclusively or raise an issue to be determined upon preponderance of the evidence. Where, however, the validity of a subsequent as against a former marriage rests wholly on presumptions of law, the presumption favoring legality of the later marriage, if it were ceremonial, will prevail over the one which favors a continuance in force of the prior marriage. *Dixon* v. *People,* 18 Mich 84; *Wagoner* v. *Wagoner,* 128 Mich 635; *Killackey* v. *Killackey,* 156 Mich 127; *May* v. *Meade,* 236 Mich 109; 34 ALR 464."

In the *Doertch Case,* in which the plaintiff claimed workmen's compensation benefits as the widow of defendant's deceased employee, defendant attempted to prove the invalidity of plaintiff's marriage to its employee because of the impediment of a prior undissolved marriage between her and one McLaughlin, whom she married in Alabama in 1918. Plaintiff and McLaughlin lived together until 1924, at which time he left the State and was never again seen by her. She testified that McLaughlin wrote her that he had married again in Cincinnati and that in 1927 she married Doertch. Evidence was offered to prove

that no decree of divorce was ever entered in Cincinnati dissolving the marriage between plaintiff and McLaughlin, but no other evidence regarding divorce was offered. This Court, applying the rule quoted above, noted that McLaughlin was wholly unaccounted for from the time he left plaintiff in 1924, except for the letter from Cincinnati which was received by plaintiff, and said that during the 3-year period between his departure and plaintiff's marriage to Doertch, McLaughlin could have either died or divorced plaintiff. In the absence of testimony establishing McLaughlin's personal or marital status at the time of plaintiff's marriage to Doertch, the Court said that the case rested upon the balancing of presumptions and that the presumption of the validity of the second ceremonial marriage was dominant.

As in the *Doertch Case,* James Adams' whereabouts were wholly unaccounted for between the time of his departure from Texas and Mollie Amason in 1927 and his marriage to Corinne Adams in 1935, except for the 1 day in 1933 during which Mollie Amason and her son spent an afternoon and evening with him. In the absence of any clear and positive evidence establishing his marital status at the time of his marriage to Corinne Adams in 1935, this case likewise rested upon the balancing of the presumptions of law referred to in the *Doertch Case,* and we must, therefore, hold that the presumption in favor of the validity of the second ceremonial marriage was dominant.

In addition to the 4 cases cited in the quotation taken from the *Doertch Case* above, this Court has applied the presumption of validity of a ceremonial marriage in *Mogk* v. *Stroecker,* 243 Mich 668, and *In re Estate of Osborn,* 273 Mich 589.

The 3 cases upon which appellant here relies are *Jones* v. *George R. Cooke Co.,* 250 Mich 460, *Watts*

v. *General Motors Corp.*, 308 Mich 499, and *Braymer*
v. *Overton Machine Co.*, 324 Mich 648. In the latter
2 cases, however, while recognizing the efficacy of
the presumption here involved, the Court found evi-
dence sufficient to impugn the validity of the second
marriage. In each case the result reached by the
Court may properly be questioned, but the important
point here is that the Court in those cases did
recognize the principle of law we here apply. *Jones*
v. *George R. Cooke, Co., supra,* did not include con-
sideration of the presumption of validity of a cere-
monial marriage. To the extent that the opinion in
that case indicates any inconsistency herewith, it is
hereby overruled.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK,
EDWARDS, and KAVANAGH, JJ., concurred.