BEAUDIN v. SUAREZ.

MARRIAGE—ANNULMENT—VALID COMMON-LAW MARRIAGE.
    Ceremonial marriage to defendant was properly annulled by trial court, where at time it was performed it clearly appears there was a valid common-law marriage in existence between plaintiff and her former husband from whom she had previously been divorced, which had been contracted prior to time valid common-law marriages could no longer be contracted, the presumption of validity of a ceremonial marriage not being applicable under such circumstances (CL 1948, § 551.2, as amended by PA 1956, No 44).

Appeal from Wayne; Bowles (George E.), J. Submitted January 9, 1962. (Docket No. 54, Calendar No. 49,377.) Decided March 15, 1962.

REFERENCES FOR POINTS IN HEADNOTES
35 Am Jur, Marriage § 148.

Bill by Henrietta Beaudin against Guillermo Suarez for annulment of marriage. Decree for plaintiff. Defendant appeals. Affirmed.

*Kozlow & Friedman* (*Bernard Friedman*, of counsel), for plaintiff.

*Piggins, Balmer, Grigsby, Skillman & Erickson,* for defendant.

ADAMS, J.  Plaintiff sought and obtained in the circuit court an annulment of a probate court marriage with defendant. Defendant appeals. Plaintiff married Norman Beaudin in May, 1950; in August, 1954, she obtained a decree of divorce. Following the divorce, Mr. Beaudin asked the plaintiff if she was sure that a divorce was what she wanted. She replied that it was not what she wanted, and they decided to live together again as man and wife. They filed joint tax returns, went out socially, and spoke of each other as husband and wife. Plaintiff had a child February 13, 1956, and another June 20, 1957. Mr. Beaudin supported the children.

On February 7, 1956, plaintiff went through a ceremonial marriage with the defendant, filing an affidavit with the probate court stating that she was unmarried. Plaintiff lived with the defendant for 2 or 3 days. She then returned to Mr. Beaudin until either November, 1959, or early 1960, when plaintiff again lived with the defendant for approximately 3 months time. Plaintiff again returned to Mr. Beaudin and is presently living with him as his wife.

Common-law marriages were valid in Michigan in 1954.[*]  The facts above recited support the conclu-

---

[*] CL 1948, § 551.2 (Stat Ann § 25.2), as amended by PA 1956, No 44, effective August 11, 1956 (CLS 1956, § 551.2; Stat Ann 1957 Rev § 25.2).

sion that the plaintiff entered into a common-law marriage with Mr. Beaudin in 1954, following her divorce. *In re Tatar's Estate,* 307 Mich 342. There was no lack of agreement by the parties as in *Clancy v. Clancy,* 66 Mich 202, and *Hannigan v. Hannigan,* 328 Mich 378. Consequently, plaintiff was legally married and was unable to contract for, or enter into, a marriage with defendant in 1956. *Daniels v. Daniel,* 362 Mich 176; *Watts v. General Motors Corporation,* 308 Mich 499. The presumption of validity of a second ceremonial marriage (*In re Adams Estate,* 362 Mich 624) does not apply where, as here, there is a clear showing that the earlier marriage has not been dissolved.

Affirmed. Costs to appellee.

Dethmers, C. J., and Carr, Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.