QUINN *v.* QUINN.

1. MARRIAGE—VALIDITY—PRESUMPTION.
   Second marriage, particularly when ceremonial and when children are born of it, is supported by strong presumption of validity when attacked on the ground that one of the parties was married to another.

2. SAME—ANNULMENT—PROOF.
   One who seeks an annulment of a marriage presumed to be valid must establish by clear and positive proof that it is not valid.

3. SAME—PRESUMPTION OF VALIDITY—REBUTTAL.
   Presumption of validity of marriage may be rebutted by a showing of facts or circumstances which establishes invalidity of marriage conclusively, or raises an issue to be determined by a preponderance of the evidence.

4. SAME—PRESUMPTION OF VALIDITY—EVIDENCE.
   Testimony of second husband that he had met his wife's first husband after her second marriage, of undated letter from grandmother of wife referring to first husband as if he were still alive, of admission of first marriage by wife and that she had seen first husband alive prior to second marriage, evidence that wife had prosecuted annulment proceedings through to judgment against first husband after she testified that she supposed him dead, and admission by wife that she had never been served with process in divorce action by first husband, *held,* not to overcome presumption of validity of second marriage, as against testimony by wife that she believed first husband to be dead at time of second marriage.

REFERENCES FOR POINTS IN HEADNOTES
[1] 35 Am Jur, Marriage § 192.
Presumption as to validity of second marriage. 14 ALR2d 7.
[2–4] 35 Am Jur, Marriage §§ 216, 219.

Appeal from Wayne; Burdick (Benjamin D.), J. Submitted Division 1 May 31, 1966, at Detroit. (Docket No. 1,485.)    Decided October 11, 1966.

Complaint for divorce by Deloris Quinn against William H. Quinn.    Counterclaim by defendant for annulment.    Judgment for defendant on both complaint and counterclaim.    Plaintiff appeals.    Reversed and remanded for new trial.

*Odillion B. Weed,* for plaintiff.

*Berger, Manason, Kayes & Ernstein (Robert S. Ernstein,* of counsel), for defendant.

McGREGOR, J.    Did the defendant herein sustain the burden of proof by a preponderance of the evidence to overcome the dominant presumption in favor of the validity of a second ceremonial marriage, is the basic question before this Court.    This case involves that presumption of validity of a second ceremonial marriage.

Plaintiff, Deloris Quinn, instituted action by a complaint for divorce against William H. Quinn upon the grounds of cruelty.    William H. Quinn filed a counterclaim for annulment, alleging a preexisting valid marriage between Deloris Quinn and one Floyd Thomas.    A judgment dismissing the complaint for divorce and granting an annulment was entered by the circuit court for the reason that no valid marriage existed between Deloris Quinn and William H. Quinn, since Deloris Quinn was then still married to Floyd Thomas and ineligible to enter into a contract of marriage with William H. Quinn.

Deloris Quinn entered into a ceremonial marriage with William H. Quinn on June 22, 1958, in the Wayne county probate court.    There was one child born during this marriage.

The jurisprudence of our State has long upheld the existence of a strong presumption in favor of the validity of a second ceremonial marriage where it is attacked on the ground that one of the parties was married to another.

"As early in our jurisprudence as the case of *Dixon* v. *People*, 18 Mich 84, we have held that, where the validity of a marriage is attacked on the ground that one of the parties was married to another, a very strong presumption exists in favor of the validity of the second marriage, particularly where the second marriage was a ceremonial marriage and children were born during it. This case involves that presumption of validity of a second ceremonial marriage." *In re Adams Estate* (1961), 362 Mich 624, 625.

Defendant, William H. Quinn, seeks an annulment of a marriage which is presumed to be valid. He must therefore establish with clear and positive proof that it was not valid. *In re Adams Estate, supra.*

It is not denied that Deloris Quinn, formerly Deloris Warren, entered into a ceremonial marriage with a Floyd Thomas on March 27, 1952, in DeSoto county, Mississippi. A marriage certificate was offered into evidence to substantiate this fact.

It is claimed by Deloris Quinn that the marriage with Floyd Thomas was not valid and, further, that at the time of her marriage to William H. Quinn, she believed Floyd Thomas to be dead. To the best of her knowledge, Floyd Thomas had never attempted to procure a divorce from her, nor had she ever received or been served with any divorce papers. She did, however, institute annulment proceedings in Alabama in 1962 and was granted an annulment decree which was admitted to be void because of jurisdictional defects.

William H. Quinn testified that he was introduced to Floyd Thomas at the home of plaintiff's mother in Florence, Alabama, at the time of the mother's funeral. Deloris Quinn denies this fact.

Defendant also introduced an undated letter from plaintiff's grandmother who lived in Florence, Alabama, which referred to Floyd Thomas as though he were still alive.

This is the extent of William H. Quinn's proof offered to rebut the presumption of the validity of his marriage to Deloris Quinn. The basis for the existence of the strong presumption in favor of a marriage was clearly stated in *Doertch* v. *Folwell Engineering Co.* (1930), 252 Mich 76, at p 78.

"The law presumes the validity of a ceremonial marriage. It is said this presumption is one of the strongest known to the law. It is founded not only on a presumption of innocence of the crime of bigamy on the part of the contracting parties and on the regularity of the acts of licensing and officiating officers but has a basis in the public policy to foster respectability and to protect the offspring from the taint of illegitimacy."

This dominant presumption is not conclusive. It may be rebutted by a showing of facts or circumstances which establishes the validity or invalidity of the marriage conclusively, or raises an issue to be determined upon preponderance of the evidence. *In re Adams Estate, supra.*

In *Doertch* v. *Folwell Engineering Co., supra,* at p 78, the Court referred to the absence of plaintiff's first husband and stated that this time (3 years) was wholly unaccounted for and was "ample to permit his death or divorce and the testimony did not establish, directly or by inference, the fact of his personal or marital status at the time of the marriage of plaintiff and Doertch."

In the case at bar, there is a 6-year span between the marriage in 1952 of Deloris Quinn to Floyd Thomas and the marriage in 1958 of Deloris Quinn to William H. Quinn. The plaintiff testified she had seen Thomas once after the ceremony which took place in 1952 but prior to the present marriage. Defendant claims to have seen him at the funeral of Deloris Quinn's mother. This is denied by plaintiff. Although the record raises the issue of Floyd Thomas being alive at the time plaintiff and defendant were married, it does not contain the preponderance of evidence necessary to overcome the dominant presumption.

We hold, therefore, that the presumption in favor of the validity of the second ceremonial marriage was dominant.

Reversed and remanded for new trial.

HOLBROOK, P. J., and QUINN, J., concurred.